190 So.2d 596 (1966)
WARWICK, PAUL & WARWICK, a Partnership, and Charles H. Warwick, Jr., John a Paul and Charles H. Warwick, III, Partners, Associated and in Business under the Partnership Name of Warwick, Paul & Warwick, Appellants,
v.
John C. DOTTER, Appellee.
No. 184.
District Court of Appeal of Florida. Fourth District.
September 28, 1966.
Rehearing Denied October 27, 1966.
C. Robert Burns, of Burns, Middleton, Rogers & Farrell, Palm Beach, for appellants.
Elton H. Schwarz, Stuart, for appellee.
RAWLS, JOHN S., Associate Judge.
The law firm Warwick, Paul & Warwick appeals from an adverse judgment in a malpractice suit.
In April, 1961, John C. Dotter's wife sued for divorce and sought custody of the parties' children, temporary and permanent alimony, child support, and division of the parties' property. Dotter engaged Mr. C.H. Warwick, Sr., of the law firm Warwick, Paul & Warwick to defend the action. Warwick filed an answer for Dotter but failed to appear and defend at the trial of the cause. In the final divorce decree Mrs. Dotter was awarded a divorce, custody of the children, periodic alimony, child support and title to the parties' home in fee simple as her special equity in the property of the parties. Thereafter, Dotter brought this action against the firm Warwick, Paul & *597 Warwick alleging malpractice in that it negligently failed to perform those services for which it was retained. Both parties admitted that Warwick, Paul & Warwick had been employed, accepted employment as attorneys for John C. Dotter in the divorce action, and received notice of the trial, but no member thereof attended.
The principal grievances of the appellants go to the use of a hypothetical question to prove the possibility that a more financially favorable divorce decree could have been obtained had not the firm been negligent, and to the assumption in the hypothetical that the husband could have proven certain facts by a preponderance of the evidence. Appellants' other points are directed toward the propriety of allowing the wife's attorney in the divorce case to testify as to the substantive and procedural Florida law and as to what testimony was elicited in the divorce case since there was no transcript made of the trial.
Plaintiff Dotter, a watch repairman or jeweler, was engaged in a seasonal business which required that he spend his winters in Florida and his summers in New Jersey. During the summer and fall of 1961 he was in New Jersey, and he was not notified of the date of trial, nor did his attorney attend the trial; and as a result his wife secured a divorce and received custody of his four children which she promptly moved to California. He testified that his attorney, Mr. Warwick, Sr., had laughed at the grounds alleged in the complaint and had assured him that they could successfully defend against the divorce. Dotter believed that, had his case been presented with his sons and his sister testifying, the outcome would have been different because there was no cruelty as alleged; and if necessary he could have proved that he had marital relations with his wife after the complaint and answer were filed; that his wife had no special equity in the property of the parties because she only worked in his business less than 2 of the 20 years the parties were married; that the evidence introduced at the trial of the divorce case was falsified and magnified as to his income and net worth in that his income was actually $75 per week as shown by his income tax returns rather than $125 per week, his net worth was $58,050 instead of $90,000, and most of this property was held jointly but was acquired by inheritance from his parents rather than through the labors of the parties; and that as a result of defendant's negligence, he lost his family which had moved to California, certain personal property, his homestead which had been awarded to the wife for services she did not render, and was damaged to the extent that the award of alimony was greater than the wife would have received if accurate evidence had been introduced.
Plaintiff called as an expert witness Attorney Simpson who had been counsel for Mrs. Dotter in the divorce case. This witness testified that in the divorce case he had attempted to establish income by reconstructing family expenditures and using that as a basis for estimating income. Based upon a hypothetical question Simpson testified that, assuming Dotter could have established by a preponderance of the evidence his income, net worth, and the source of the property to be that presented by the evidence in this case, he believed a more favorable judgment would have resulted in the divorce case. Specifically he believed that, if the husband could have established his weekly income as averaging $75.00 and could have proved that the majority of the parties' property was held in their joint names but was acquired by inheritance from Dotter's parents, then the alimony allowed would have been $15.00 to $19.00 per week less than the amount awarded and the chancellor would have allowed the wife only the use of the home for a designated period of time rather than full ownership.
The law firm defended on the grounds that Mr. Warwick, Sr., was approximately 71 years of age, and was very ill when he returned from his vacation a few days prior to the trial of the divorce case and on the grounds that it was the recollection of Mr. Warwick, III, that Mr. Dotter did not want *598 to contest the divorce. The elder Mr. Warwick did not testify, but his son stated that, although he had been advised about the marital relations engaged in after the filing of the answer, he did not think Mr. Dotter wanted that information used. There was no positive testimony that Mr. Warwick, III, ever participated actively in the case or even attended a client-attorney conference at any time prior to the divorce trial. However, firm partner, Mr. Paul, had told Mr. Simpson that one reason the firm was not represented at certain hearings in the Dotter divorce case was because the elder Mr. Warwick, who was handling the case, was not physically able to practice law.
At the close of the case the trial judge granted a directed verdict for the plaintiff on the question of liability and submitted the case to the jury on the question of damages. The jury returned a verdict in the sum of $12,000.
It is not necessary to detail all the evidence submitted in this case. It is sufficient to note here that Dotter's detailed testimony as to each item of the parties' property, its financial origin and present value, if and when it had been appraised and by whom, etc., was sufficient evidence for the jury to base its conclusion that he could have proved by a preponderance of the evidence with income tax returns, testimony of appraisers and his sister, etc., that his wife magnified his income and net worth and even listed nonexistent assets. We find no error as to the qualifications of this expert, the contents of the hypothetical question, or other testimony elicited from him. Since this expert was the wife's attorney and attended the divorce trial, he was, with the exception of the chancellor, the most informed available person as to the facts and law involved in the divorce case. To allow the appellants, who did not attend the final hearing and who did not arrange for the reporting of same, to prevail in their contention  that the wife's attorney could not testify as to what transpired there because the divorce proceedings were not reported  would permit them to take advantage of their own negligence.
After careful review of the full record we find that the appellants have failed to make a clear showing that reversible error exists. Green v. Loudermilk, Fla.App. 1962, 146 So.2d 601. In view of our affirmance of the trial court, we find appellee's cross assignments of error are without merit.
Affirmed.
ANDREWS, Acting C.J., and WALDEN, J., concur.