331 So.2d 320 (1976)
P.K. DAVIS and Insurance Company of North America, Appellants (Defendants),
v.
Howell G. LEWIS and Ruby Lewis, His Wife, Appellees (Plaintiffs).
No. W-343.
District Court of Appeal of Florida, First District.
March 30, 1976.
Rehearing Denied May 21, 1976.
*322 Edgar C. Booth and Anne C. Booth, of Hall & Booth, Tallahassee, for appellants.
W. Dexter Douglass of Douglass & Powell, Tallahassee, for appellees.
MILLS, Judge.
The defendants appeal from a final judgment in favor of the plaintiffs following a jury trial in a personal injury action.
The defendants contend that the trial court erred in the following respects:
1. by refusing to allow the defendants to amend their answer,
2. by dismissing the defendants' third party complaint,
3. by refusing to submit a special verdict to the jury,
4. by refusing to give certain jury instructions requested by the defendants,
5. by refusing the jury's request for instruction on the law governing loads that project beyond the rear of a vehicle,
6. by repeating instructions favorable to the plaintiffs,
7. by denying defendants' motion for a directed verdict and motion to set aside the *323 verdict on the ground that no negligence was shown on the part of the defendant Davis, and
8. by refusing to grant a new trial to the defendants, because of improper and prejudicial remarks made by plaintiffs' attorney during his voir dire examination and closing argument.
Lewis, supervisor of the Florida State University maintenance yard, sued Davis, driver of a City of Tallahassee garbage truck, and the City's liability insurance company for personal injuries received by him when the truck driven by Davis hit a pipe which projected beyond the rear of a parked F.S.U. maintenance pickup truck, knocking the pipe onto Lewis' head. At the time of his injury, Lewis was standing beside the maintenance truck which was properly parked in a parking space at the maintenance yard. Mrs. Lewis sued for damages which she sustained because of her husband's injuries.
The bed of the pickup truck had been extended by welding the tailgate down. A rack had been constructed above the truck, 6 and 1/4 feet above ground level. The pipe had been placed on the rack by two university maintenance employees. Less than 4 feet of the pipe projected into the traffic area of the maintenance yard.
The maintenance yard is enclosed by a fence. There are two entrances to the yard which are closed at night. During the day the gates are open, and the area is used by the public for vehicular travel. The traffic area is bounded by sidewalks and marked parking spaces. The speed limit is 10 miles per hour.
The accident happened at about 7:30 A.M. on a morning that was hazy but visibility was good. As Davis drove through one gate and approached the accident scene, a laundry truck drove through the other gate and approached from the opposite direction. Davis kept to the right so that the oncoming truck would pass and he could exit through the gate from where the truck had entered. The right area of the loading arm of the garbage truck struck the projecting pipe, causing it to fall on Lewis' head. Davis did not see the pipe, or the truck, and did not know what he hit. He was watching the laundry truck.
The defendants answered plaintiffs' complaint by denying the negligence alleged and the alleged consequences. Subsequently, the Supreme Court of Florida rendered its decision adopting comparative negligence in Florida. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). As a result of the Hoffman decision, the defendants moved the court for leave to amend their answer by alleging negligence on the part of Florida State University and its employees. The court denied the motion.
The trial court correctly refused defendants leave to file an amended answer asserting, as a ground for reducing defendants' liability to plaintiffs, the concurring negligence of other tortfeasors. Plaintiffs had the right to select initially the parties defendant, and the defendants so joined were not entitled to reduce plaintiffs' potential recovery from them by attributing some of plaintiffs' loss to alleged tortfeasors absent from court. See Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975). The 1975 Uniform Contribution Among Tortfeasors Act, Ch. 75-108, became effective several months after plaintiffs' cause of action was reduced to judgment and therefore has no application to this case. Section 768.31(7), Florida Statutes, 1975.
The defendants also moved the court for leave to file a third party complaint against the two university maintenance employees and their liability insurance company. The court granted this motion and defendants filed the complaint charging the employees with negligence *324 and seeking contribution from them. Service was obtained on the employees and their insurance company. They filed a motion to dismiss the complaint, and the court granted the motion.
We cannot consider this issue, because the defendants failed to make the employees and their liability insurance company parties to this appeal. They are the only parties concerned with this alleged error. The plaintiffs are not.
The defendants requested the court to submit a special verdict to the jury. The court denied this request.
Although the court is authorized to submit a special verdict to a jury, this is discretionary, Hoffman v. Jones. The trial court did not abuse its discretion. The special verdict included a number of interrogatories which were improper because they required the jury to determine whether an unnamed party was negligent, and if so, the degree of negligence.
The court denied five instructions requested by the defendants. These instructions covered "no inference of negligence from mere fact of accident", "load projecting 4 feet or more beyond the bed or body of a vehicle must have flag attached", "not liable for injury from danger not reasonably foreseeable", "visibility of object collided with must be taken into consideration", and "unavoidable accident".
The court correctly denied these instructions, because either the Supreme Court Committee on Standard Jury Instructions recommended that they not be given, or they were covered by the standard instructions given by the court, or the facts in this case did not support the giving of them.
During the jury's deliberation, it returned to the courtroom and informed the court that it would like to know the Florida law governing overhang from vehicles, when a red flag was required, and the point on a vehicle from which measurement is made to determine overhang.
The court had previously refused to give the defendants' requested instruction on Section 317.551, Florida Statutes, which deals with loads projecting beyond the rear of vehicles, but had permitted the defendants to argue to the jury, during closing argument, the evidence presented to the jury during the trial concerning the projecting pipe.
The court did not charge the jury on Section 317.551, Florida Statutes, but did advise the jury that the overhang was a matter for it to consider in determining whether Davis was negligent. This action was proper, because there was no evidence that the pipe extended 4 feet or more beyond the bed of the truck. Section 317.551 is applicable only where the load extends 4 feet or more beyond the bed or body of the truck.
Immediately following the above discussion between the jury and the court, the court read to the jury standard instructions 4.1 and 5.1 which the defendants contend were favorable to the plaintiffs. We do not agree. The instructions defined negligence, reasonable care, and legal cause. It was both proper and appropriate for the court to give these particular instructions to the jury at the time given. They aided the jury in its understanding of the law to be applied to the facts heard by it. They were no more favorable to the plaintiffs than to the defendants.
During the trial, the defendants moved for a directed verdict, and after the trial they moved to set aside the verdict, on the ground that no negligence was shown on the part of Davis. The court properly denied both motions.
Our review of the record convinces us that the jury's verdict for the plaintiffs was *325 supported by substantial competent evidence. The only issue presented to the jury was whether Davis was negligent. The plaintiffs adduced evidence that Davis was exceeding the posted speed limit and struck a pipe he did not see, although visibility was good. There was evidence that Davis did not see the pipe, because he was watching an oncoming laundry truck. The truck from which the pipe extended was properly parked and in an area from which it operated. Lewis was an innocent bystander.
During plaintiffs' voir dire examination, their attorney stated that the City of Tallahassee was being sued. The defendants' attorney objected, and the court explained to the jury that the City was not a party to the suit. During defendant's voir dire examination, their attorney inquired of the jurors if they understood that the City was not a party defendant, and was not involved in the suit. The plaintiffs' attorney objected stating that was an incorrect statement. The defendants' attorney moved for a mistrial. The court denied the motion for a mistrial, but instructed the jury that the City was not a party to the suit.
During closing argument, plaintiffs' attorney stated that Mrs. Lewis was entitled to recover the wages she lost, because she quit her job to be with her injured husband. Defendants' attorney objected. The court sustained the objection and instructed the jury that it was not to consider Mrs. Lewis' lost wages, because they were not a proper item of damage.
After this objection was made, plaintiffs' attorney, upon resuming his argument, stated that defendants were concerned only with money and that he and the jury were concerned with the lives of the plaintiffs. No objection was made.
It appears to us that defendants were neither prejudiced nor harmed. The court took prompt and proper action by instructing the jury that the City was not a party, and that the wife's lost wages were not a proper item of damage.
Although the latter language used by plaintiffs' attorney during closing argument was emotional and unnecessary, because counsel are accorded wide latitude in making arguments to the jury, unless their remarks are highly inflammatory and prejudicial, their statements will not serve as a basis for reversal of a judgment. The remarks now complained of were not of such an inflammatory nature as to require a reversal.
The judgment appealed is affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.