368 So.2d 95 (1979)
Michael DeBOLD, Appellant,
v.
The OCEAN REEF CLUB, INC., et al., Appellees.
No. 78-1073.
District Court of Appeal of Florida, Third District.
March 6, 1979.
William M. Alper, Greene & Cooper and Marc Cooper, Miami, for appellant.
Rentz, McClellan & Haggard and L. Edward McClellan, Jr., Miami, for appellees.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
We find no merit in any of the points the plaintiff-appellant presents for reversal of the judgment entered against him upon a jury verdict for the defendant-appellee. As to the first, the trial court did not err, in the light of the officer's expert qualifications, in admitting the investigating state trooper's estimate of the plaintiff's speed at the time of the accident. Kerr v. Caraway, 78 So.2d 571 (Fla. 1955); Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978); Waller v. Traud, 301 So.2d 127 (Fla. 3d DCA 1974). In any event, the testimony was no more than cumulative to other, indeed, massive evidence of the plaintiff's negligence which was properly admitted at the trial. Bryant v. Haarala, 245 So.2d 644 (Fla. 1st DCA 1971); Myers v. Korbly, 103 So.2d 215 (Fla. 2d DCA 1958).
We hold also that the plaintiff's substantial rights were not adversely affected by the denial of two requested jury charges, since the record shows that, as *96 actually given, the court's instructions fully and accurately covered the subject matter involved. Florida East Coast R. Co. v. Lawler, 151 So.2d 852 (Fla. 3d DCA 1963). Finally, we do not agree, as the appellant argues, that the court's response to a question asked by the jury during the course of its deliberations was in any way incorrect.
Affirmed.