385 So.2d 1173 (1980)
John DAVIS, Appellant,
v.
CHARTER MORTGAGE COMPANY, Appellee.
No. 78-1707.
District Court of Appeal of Florida, Fourth District.
June 25, 1980.
Rehearing Denied August 5, 1980.
Donald A. Wich, Jr. of Sullivan, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellant.
Michael D. Stewart of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal by the plaintiff, Davis, from an adverse final judgment for the defendant, Charter Mortgage Company, denying plaintiff's claim for damages resulting from the defendant's alleged trespass upon plaintiff's property and alleged conversion of certain personal property therefrom, done so when plaintiff failed to make the mortgage payments on the property.
*1174 Davis sued Charter Mortgage, the mortgagee of property owned by Davis located in Pompano Beach, alleging that Charter had wrongfully entered the property by and through its agent Wallace Minniefield, and wilfully damaged and converted certain personal property owned by Davis. Count II of the suit alleged negligent removal of and damage to the property. Charter denied the allegations, affirmatively alleged that the plaintiff was negligent in contributing to his own loss, and also alleged that Minniefield was an independent contractor.
After Davis vacated the premises and failed to make the mortgage payments on the house for the months of December, 1974, and January, February, and March of 1975, Charter sought to protect its security by hiring Minniefield to board up the unoccupied residence. Instead of just boarding up the premises, Minniefield allegedly removed numerous items of Davis' property and damaged the premises in other respects. The mortgage provided that Charter, upon notice to Davis, could enter the property to make repairs if the mortgage was in default. Notice was to be provided by certified mail directed to the mortgaged premises. Davis was never sent formal notice of Charter's intention to have Minniefield board up the residence and contended that Minniefield's entry upon the property was unlawful.
Charter maintained that Minniefield was an independent contractor, rather than its agent, and that it was not responsible for his wrongful acts. In its instructions to the jury, the court relied on Florida Standard Jury Instruction 3.3b in instructing the jury that
... a person is not responsible for the negligence of an independent contractor or of an agent or employee of an independent contractor. An independent contractor is a person who is engaged by another to perform specific work according to his own methods, and whose methods of performing work are not controlled by the person engaging him and are not subject to that person's right of control.
During the charge conference, appellant requested the trial court to give a special jury instruction setting out several exceptions to the general rule contained in the standard instruction. One of the exceptions contained in the proposed instruction provided that a person is responsible for the acts of an independent contractor:
Where the act or work contracted for, which may be from a verbal agreement, is of itself, tortious and unlawful;
* * * * * *
In any of these ... instances the actions of a person, though an independent contractor, will be imputed to the employer and the employer will be responsible for damage or injury resulting therefrom.
Where the oral contract (between the principal and the independent contractor) is for the commission of a tort (trespass), the principal is responsible not only for those negligent acts of the independent contractor which are authorized by the contract, but for the collateral acts of the independent contractor as well.
In order to demonstrate reversible error, appellant must prove that the requested instructions contained an accurate statement of the law, that the facts in the case supported a giving of the instructions, and that the instructions were necessary for the jury to properly resolve the issues in the case. Davis v. Lewis, 331 So.2d 320 (Fla. 1st DCA 1976).
If an independent contractor is hired to do an act that constitutes a tort, the principal is responsible not only for those negligent or tortious acts of the independent contractor which are authorized by the contract, but for the collateral acts of the independent contractor as well. National Rating Bureau v. Florida Power Corp., 94 So.2d 809 (Fla. 1956); Peairs v. Florida Publishing Company, 132 So.2d 561 (Fla. 1st DCA 1961); 21 A.L.R. 1262 (1922). We believe appellant's requested instruction correctly stated this legal principle.
Here, the mortgage agreement allowed the mortgagee, upon the sending of a notice by certified mail to the stated address *1175 of the mortgagor, to take such action as was necessary to protect its interest, including entering upon the property to make repairs. However, the evidence shows that although the mortgagee resorted to other means to satisfy the notice requirement, including the leaving of a handwritten note on the front door addressed to appellant, it failed to send notice by certified mail. Construing the document against the mortgagee, its draftsman, the right of the mortgagee to enter upon the property to repair was conditioned upon its furnishing of the requisite notice by certified mail to the mortgagor, and the jury could have found that absent such notice, entry upon appellant's property by the mortgagee was unlawful and constituted a trespass.
We therefore conclude that because the jury could have found that a trespass and conversion or negligent removal of the items of personal property were acts committed by Minniefield for which the appellee would be liable even if Minniefield were found to be an independent contractor, the failure of the trial court to grant appellant's requested instruction constituted reversible error. Accordingly, this cause is hereby reversed and remanded for a new trial in accordance with the terms of this opinion.
DOWNEY and HERSEY, JJ., concur.