431 So.2d 653 (1983)
Norval M. GUY, Individually and As Personal Representative of the Estate of Tammy Doris Embrey and State Farm Mutual Automobile Insurance Company, Etc., Appellant/Cross-Appellee,
v.
Caroline D. KIGHT, Individually and As Personal Representative of the Estate of Jones Earl Kight, Sr., Deceased, Appellee/Cross-Appellant.
No. 82-280.
District Court of Appeal of Florida, Fifth District.
April 27, 1983.
Rehearing Denied May 25, 1983.
*654 Thomas G. Kane, of Driscoll, Langston & Kane, P.A., Orlando, for appellant/cross-appellee.
Edward A. Perse and Mallory H. Horton, of Horton, Perse & Ginsberg, and Nance, Cacciatore & Sisserson, Miami, for appellee/cross-appellant.
DAUKSCH, Judge.
This case was previously before this court on appeal by the defendants/appellants, Guy and State Farm, from an order granting summary judgment on the issue of settlement in favor of the plaintiff/appellee, Kight, and a final judgment awarding *655 Kight damages. We found that where recovery was sought against the insurance company and others and the company alleged that there had been a settlement, a genuine issue of material fact as to whether there was a settlement precluded summary judgment in favor of the plaintiff/appellee on the issue of settlement. Accordingly, the case was reversed and remanded for trial on the settlement issue.
On remand of the case, a jury found that there was no settlement. The defendants/appellants, Guy and State Farm, filed a Motion for New Trial and Motion for Judgment Notwithstanding the Verdict which was denied. The plaintiff/appellee, Kight, filed a Motion for Reinstatement of Verdict and Final Judgment for Plaintiffs contending that rather than rendering a new judgment, the trial court should reinstate its original judgment entered prior to remand of the cause, since legal interest on a sum in excess of $1,000,000.00 for a two-year period was involved. The trial court entered an order denying the motion to reinstate finding, in pertinent part:
* * * * * *
... On April 22, 1981, the Fifth District Court of Appeal reversed the Amended Order Granting Summary Judgment and remanded the case for trial on the settlement issue.
... That while the Appellate Court did not expressly mention the Final Judgment, its Opinion and Order had the effect of reversing the Final Judgment to the extent it was based on the Summary Judgment on the settlement issue. It did not disturb the amount of damages found by the jury.
... The Opinion and Order of the appellate court did not constitute a mere modification of the Final Judgment, but required further judicial labors at the trial level before any of the damages previously found could be determined due and payable.
* * * * * *
... Since the effect of the appellate decision in this case was to reverse the Final Judgment, this Court is without legal authority to enter an Amended Final Judgment
... This Court is without legal authority to award interest from ... [the date of the original Final Judgment] via a new Final Judgment.
* * * * * *
Thereafter, the trial court entered its Final Judgment against the defendants/appellants on the issue of settlement and awarded damages to the plaintiff/appellee in the amount of $1,025,000.00.
The appellants now contend that the trial court erred (1) in denying their Motion for Directed Verdict and Motion Notwithstanding the Verdict, (2) in instructing the jury on the legal definition of the term "tender" and failing to instruct on the defendants'/appellants' understanding of "tender," (3) in allowing expert testimony from two attorneys as to the legal effect of the use of the term tender in a settlement situation and (4) in denying their Motion for Continuance and Motion in Limine with reference to the expert testimony. On cross-appeal, the appellee contends that the trial court erred in holding that interest on the jury award should run not from the date of the original final judgment, but from the date of the post-remand final judgment appealed. We find no error below.
Viewing the evidence in a light most favorable to the plaintiff/appellee (the non-moving party to the Motion for Directed Verdict), there was substantial, competent evidence to support the jury's verdict that there was no settlement. A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict. Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980).
Upon a review of the record on appeal, considering the jury instructions as a whole together with the evidence, we are not satisfied that the jury was misled by the court's failure to give the appellants' *656 requested jury instruction on the appellants' understanding of the term "tender." See Gallagher v. Federal Insurance Company, 346 So.2d 95 (Fla. 3d DCA 1977). The issues for the jury's consideration were sufficiently covered and the instructions given were manifestly full, fair and accurate. See De Bold v. Ocean Reef Club, 368 So.2d 95 (Fla. 3d DCA 1979); Davis v. Lewis, 331 So.2d 320 (Fla. 1st DCA 1976); Lynch v. McGovern, 270 So.2d 770 (Fla. 4th DCA 1972).
The trial court had the initial responsibility of determining the qualifications and range of subjects on which the expert witnesses were allowed to testify and its determination will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. E.g., Krohne v. Orlando Farming Corporation, 102 So.2d 399, 401 (Fla. 2d DCA 1958). As attorneys with skill and knowledge in the area of contracts and settlement negotiations, the expert witnesses were found to be qualified to give their opinions as to the legal effect of the use of the term tender in a settlement situation. The appellants must point out clearly, definitely and fully the prejudicial nature of the alleged error in admitting their testimony. Alberger v. Harvison, 342 So.2d 537 (Fla. 3d DCA 1977). The appellants argue that the appellee's experts drew legal conclusions and invaded the province of the court. However, they have not shown that they were unduly prejudiced by the allowance of the experts' testimony, particularly because any alleged error resulting from the admission of the experts' testimony was invited by the appellants when their own witness gave his opinions and conclusions on the same subject, prior to the admission of the appellee's experts' opinions. Furthermore, Section 90.703, Florida Statutes (1981) provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact." Additionally, it has been held that there is no error in permitting an attorney to testify as an expert witness at trial as to substantive and procedural Florida law. Warwick, Paul & Warwick v. Dotter, 190 So.2d 596 (Fla. 4th DCA 1966). Even without the appellee's experts' testimony, there was ample evidence to support the jury's finding that there was no settlement between the parties, which would render the admission of the experts' testimony harmless error. See Alberger v. Harvison, 342 So.2d 537 (Fla. 3d DCA 1977). The appellants have also failed to make a clear showing of a gross abuse of discretion by the trial court in denying their Motion for Continuance and Motion in Limine with reference to the experts' testimony.
With regard to the appellee's point on cross-appeal, case law indicates that in order for interest to run from the date of the original judgment, the money judgment of the trial court must be merely modified on appeal, rather than reversed, and the only action necessary by the trial court is compliance with the mandate. In other words, no further judicial labor is required and the act mandated is purely ministerial. St. Cloud Utilities v. Moore, 355 So.2d 446 (Fla. 4th DCA 1978); Gilmore v. Morrison, 341 So.2d 779 (Fla. 4th DCA 1977). We agree with the trial court's order finding that the opinion and order of this court, remanding the case for trial on the settlement issue, constituted more than a mere modification of the Final Judgment and required further judicial labor at the trial level before any of the damages previously found could be determined due and payable. Hence, the trial court did not err in holding that interest on the jury award should run not from the date of the original final judgment, but from the date of the post-remand final judgment. Accordingly, the post-remand judgment appealed is
AFFIRMED.
ORFINGER, C.J., and SHARP, J., concur.