434 So.2d 4 (1983)
HERCULES, INCORPORATED, Appellant,
v.
Osvaldo COTO, a Minor, by and through His Parents and Natural Guardians, Jose Coto and Nieves Coto, and Jose Coto and Nieves Coto, Individually, Appellees.
No. 82-1951.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Rehearing Denied July 25, 1983.
*5 Corlett, Killian, Hardenman, McIntosh & Levi, and E.S. Corlett, III, Miami for appellant.
Horton, Perse & Ginsberg, Miami, Del Castillo & Knott, Coral Gables, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
Plaintiff/appellee, a minor, brought this action for damages suffered when a blasting cap which he found, exploded, causing him severe injuries. It was alleged that the product, containing no warning that it was a dangerous explosive, was defectively manufactured, or that the product was negligently distributed with no warning, or was negligently distributed with the warning printed in an ink which could not withstand conditions to which the product would ordinarily be exposed.
By special interrogatory verdict, a jury found appellant liable on theories of product liability and negligence.
The issues presented by appellant are (1) whether the trial court erred in failing to direct a verdict on liability where it was uncontested that the product was in a substantially changed condition when it came into plaintiff's possession and where there was no evidence as to the history of the product up to the accident, and (2) whether questions and arguments by plaintiff's counsel were so prejudicial as to warrant a new trial.
There was some evidence presented by plaintiff to support the jury verdict on theories of product liability and negligence, which if believed by the jury, could sustain the verdict. It is improper for a trial judge to direct a verdict unless there is no evidence to support a jury finding for the party against whom the verdict is sought. Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA), appeal dismissed, 365 So.2d 714 (Fla. 1978).
We have reviewed the comments and arguments which appellants allege to be prejudicial and find them not totally improper and irrelevant to the issues in the cause. More importantly, a motion for new trial based on prejudicial argument is addressed to the sound discretion of the court, and where, as here, no contemporaneous objection or motion is made, the matter is not preserved for review. Cf. Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA), cert. denied, 388 So.2d 1115 (Fla. 1980).
Affirmed.