481 So.2d 6 (1985)
Aron CHAMBLISS and Lelia Chambliss, Appellants,
v.
WHITE MOTOR CORP., Appellee.
No. BA-258.
District Court of Appeal of Florida, First District.
November 20, 1985.
Rehearing Denied January 24, 1986.
*7 Thomas L. Powell of Douglass, Cooper & Coppins, Tallahassee, for appellants.
Ronald E. Soloman, Ft. Lauderdale, Jane Kreusler Walsh and Larry Klein of Klein & Beranek, West Palm Beach, for appellee.
THOMPSON, Judge.
Aron and Lelia Chambliss, plaintiffs in this personal injury action, appeal a final judgment entered pursuant to a jury verdict absolving appellee White Motor Corporation (White) of any liability. Appellants raise two points on appeal urging that the trial court erred in allowing certain testimony to be presented. We affirm as to both points.
Appellant Aron Chambliss, a City of Tallahassee garbage collector, was seriously injured when the garbage truck in which he was riding as a passenger skidded and overturned, killing the driver and breaking Chambliss' neck leaving him paralyzed from the chest down. Appellants filed suit against White, the manufacturer of the garbage truck, and several other defendants. At the time this appeal was taken only White remained as a party defendant.
Appellants first contend that the trial court erred in denying their motion in limine to exclude from the jury's consideration any evidence relating to the driving characteristics and habits of Sam Marks, the deceased driver of the garbage truck in which Chambliss was injured. White opposed the motion arguing that the evidence would show that Marks' driving caused excessive wear on the truck's brakes. A ruling on the motion was reserved until the plaintiffs had rested. The judge then denied the motion, stating that evidence of Marks' driving conduct would be admissible to show his contribution to the deterioration of the brakes.
Appellants contend that despite the arguably relevant purpose for which evidence of Marks' driving was admitted the evidence actually amounted to no more than improper character evidence. Appellants contend that the evidence as it was adduced had little, if any, relation to brake wear, but instead showed Marks to be a generally reckless and negligent driver in contravention of the Florida Evidence Code's provision that character evidence is inadmissible when relevant solely to prove propensity. § 90.404(2)(a), Fla. Stat. (1983).
We agree that the evidence would be improper if it amounted to mere character evidence, but at least three witnesses testified that the driving characteristics and habits of an operator affect brake wear and deterioration. The appellant has therefore failed to demonstrate any reversible prejudicial error. Furthermore, there is competent substantial evidence to support the jury's verdict. There was evidence to support a jury finding that the brakes on the garbage truck were not defective. A careful review of the record *8 reveals that several theories of nonliability on the part of White could have caused the jury to arrive at its verdict. The jury may well have chosen to believe defense experts rather than the equally qualified but diametrically opposed expert witnesses presented by the appellants. It is also possible that the extensive evidence offered as to the City of Tallahassee's inspection and maintenance of its garbage trucks led the jury to conclude that the City's negligence in its care of the truck's brakes was the sole legal cause of the accident. In addition, driver error was never conclusively ruled out as a possible factor in the accident. Appellants have not demonstrated that the evidence of Marks' driving habits was so prejudicial that it overwhelmed any and all other theories of nonliability established by the other evidence throughout the trial. Appellant must show not only that there was an erroneous ruling, but also that prejudice actually resulted from it. § 59.041, Fla. Stat. (1983).
Appellants also contend the trial court erred in permitting the witness James DeMay, the city garage fleet superintendent, to express opinions as an expert witness without being qualified. This contention is wholly without merit. The record reveals that the appellants called DeMay as a witness and qualified him as an expert by questioning him as to his education, training, experience and background in automotive maintenance, repair and technology. While the court did not expressly declare that DeMay was an expert prior to his answering of the questions, it is not necessary for the court to state that the witness is qualified as an expert. In fact, it is questionable whether it is proper procedure for a court to expressly declare a witness an "expert" because the jury may infer from such declaration that the court is placing its approval on the opinions of the witness. An expert is a witness who is qualified to express opinions by reason of his knowledge, skill, experience, training or education. § 90.702, Fla. Stat. The trial judge has broad discretion in passing upon the qualifications of an expert witness and the range of subjects upon which he may be allowed to testify, and his rulings in this regard will not be disturbed on appeal absent a clear showing of abuse of discretion. Johnson v. State, 393 So.2d 1069 (Fla.), cert. den. 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191, reh. den. 454 U.S. 1093, 102 S.Ct. 660, 70 L.Ed.2d 632; Rivers v. State, 425 So.2d 101 (Fla. 1st DCA), pet. for rev. den. 436 So.2d 100 (Fla. 1983). There is no clear showing of abuse of discretion. On the contrary, there is ample competent substantial evidence in the record to support the judge's decision to permit the witness to express opinions.
AFFIRMED.
SMITH, J., concurs.
MILLS, J., dissents with written opinion.
MILLS, Judge, dissenting:
I dissent. I would reverse on each of the issues raised by the Chamblisses.
The issues raised were:
I. Whether the trial court erred by allowing defense witnesses to testify concerning past instances of careless driving by Sam Marks.
II. Whether the trial court abused its discretion in allowing James DeMay to give expert opinions on cross examination by defendants when he had not been tendered as an expert witness by plaintiffs and was not qualified to give such opinions.
White's purported purpose in introducing evidence of Marks' driving characteristics was to show that his manner of driving caused premature deterioration of the front brake linings. In actuality, however, the evidence was never specifically related to the condition of the brakes. Instead, it demonstrated that Marks was a reckless driver, giving the clear implication that on October 6 he was, as usual, driving in a careless and negligent fashion thereby causing the accident regardless of the condition of the brakes. This precise interpretation of the facts was repeatedly argued *9 to the jury by two of the defense attorneys in their closing arguments.
As explained by McCormick:
Evidence of negligent conduct of the defendant or his agent on other occasions may reflect a propensity for negligent acts, thus enhancing the probability of negligence on the occasion in question, but this probative force has been thought too slight to overcome the usual counterweights.
McCormick on Evidence, § 189 (3d ed. 1984). Interestingly, the footnote to this particular statement contains references to several automobile accident cases where evidence of the driver's previous accidents was deemed improper.
The evidence of Marks' past incidents of reckless driving did not demonstrate a possible reason for the deterioration of the brakes. There was no evidence of how he stopped, or how he used the brakes. Nor was Marks conclusively established to have been the exclusive driver of the truck in the months before the accident. The evidence established only that he signed the repair orders for the truck from 28 July 1980 until the accident in October 1980. The closest the defense was able to come to establishing Marks as the sole driver of the truck was Booth's acknowledgment that it was "likely" that Marks was the only driver since he was the only one signing repair orders in the two months prior to the accident. Despite extensive expert testimony about the brakes and brake wear, there was no evidence that slightly over two months of abusive driving would be sufficient to cause the brake linings to wear to the extent demonstrated. There was no evidence adduced that any tendency on the part of Marks to drive too fast or be inattentive to surrounding traffic would have an effect on brake wear. On the other hand, the clear import of such evidence is that on 6 October Marks was driving too fast and failed to notice the stopped cars waiting to turn left in front of him on John Knox Road. The prejudice of such evidence far outweighs any probative value it may have. In the instant case, I do not believe that this particular evidence had any probative value at all (except as proof that Marks was a generally negligent driver). It was not probative of the issue upon which its admission was predicated: cause of excessive brake wear.
The allowance of testimony about Marks' past driving was sufficiently prejudicial and such an egregious error that reversal is necessary.
The questions propounded by White's counsel to DeMay were clearly beyond the scope of DeMay's direct examination and called for his opinion. Lewis v. State, 55 Fla. 54, 45 So. 998 (1908). Although DeMay's testimony established that he had a fairly extensive background in automobile mechanics, it was not established that he possessed any expertise with regard to brakes. Compared to the other brake experts, both Rockwell engineers, called by the Chamblisses and White, DeMay appears unqualified. As pointed out by the Chamblisses, DeMay himself acknowledged that he was not an engineer and had no experience in brake or truck design and had never worked for a brake manufacturer.
The trial court clearly abused its discretion in holding DeMay was qualified as an expert witness.