502 So.2d 940 (1987)
SEARS, ROEBUCK & CO., and Keller Industries, Inc., Appellants,
v.
Alexander McKENZIE, Appellee.
No. 85-2740.
District Court of Appeal of Florida, Third District.
January 20, 1987.
Rehearing Denied March 12, 1987.
McCune, Hiaasen, Crum, Ferris & Gardner and Reed A. Bryan, Ft. Lauderdale, for appellants.
Levine, Busch, Schnepper & Stein, Hershoff & Levy and Jay M. Levy, for appellee.
Before BARKDULL, HENDRY and HUBBART, JJ.
HENDRY, Judge.
This is an appeal from final judgments in a personal injury action awarding damages to plaintiff Alexander McKenzie and taxing costs against defendants, Sears Roebuck & Co. (Sears) and Keller Industries, Inc. (Keller). We affirm based upon the following analysis.
Briefly stated, the facts are as follows. On October 16, 1982, McKenzie was painting a downspout on the premises of his employer, Anthony Leung, using a ladder *941 that had been manufactured by Keller and sold by Sears to Mr. Leung. McKenzie sustained injuries when a rail of the ladder broke and he fell to the pavement. He sued both Sears and Keller for negligence and strict liability; a breach of warranty count was abandoned at trial.
McKenzie's action was predicated upon the theory that the right front side rail of the ladder was cracked when the ladder passed from the defendants' control. Sears and Keller denied this allegation and argued that McKenzie's injuries resulted from his own negligence in misusing the ladder[1] or in failing to inspect for or discover the crack in the rail.
At the conclusion of the trial, the jury returned a verdict in favor of McKenzie in the amount of $485,000.00, reduced by 15% due to his negligence. After final judgment was entered upon the verdict, defendants moved for entry of judgment in accordance with motions for a directed verdict made at trial, or in the alternative, for a new trial. These motions were denied and this appeal followed.
The defendants raise two points on appeal. First, they contend that the trial court erred in refusing to direct a verdict where there was a lack of substantial competent evidence to support the plaintiff's theory that the crack in the ladder was preexisting at the time of the accident.
A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict, viewing the evidence in a light most favorable to the nonmoving party. Holmes v. Don Mealey Chevrolet, Inc., 468 So.2d 552 (Fla. 5th DCA 1985); Guy v. Kight, 431 So.2d 653 (Fla. 5th DCA 1983).
In the instant case, there was some evidence presented by the plaintiff to support the jury verdict on theories of strict liability and negligence, which, if believed by the jury, could sustain the verdict. See Hercules, Inc. v. Coto, 434 So.2d 4 (Fla. 3d DCA 1983) (in products liability suit brought by minor who was injured when a blasting cap which he found exploded, evidence sustained jury's verdict for plaintiff on theories of product liability and negligence).
According to the testimony of plaintiff's expert at trial, there was circumstantial evidence to support the inference that the crack existed prior to the accident:
We have circumstantial evidence, counsel, and sometimes engineers have to rely on circumstantial evidence. That crack that is there, that crack did not open up at the time of the final failure. The crack is still closed. I think we can reasonably conclude that there is a good chance that the crack was there before the failure occurred. Otherwise, the ladder would not have failed.
Moreover, the conclusion reached by plaintiff's expert was based upon all of the evidence presented: his investigation, his tests and plaintiff's testimony as to how the accident occurred.
Thus, the trial court properly refused to enter a directed verdict since a case should never be withheld from the jury unless, as a matter of law, no proper view of the evidence could possibly sustain a verdict in favor of the nonmoving party. Sun Life Insurance Co. v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976); see Brookbank v. Mathieu, 152 So.2d 526 (Fla. 3d DCA) (caution is especially called for in negligence cases, the function of the jury to weigh and evaluate the evidence being particularly important since reasonable persons often draw varied conclusions from the same evidence), cert. denied, 157 So.2d 817 (Fla. 1963).
Defendants' second point on appeal alleges that the trial court erred in denying their requested jury instruction defining "misuse" and in instructing the jury *942 on the legal significance of "misuse" as a defense.[2]
The court refused to give the instruction since it was not a standard instruction, but rather was language taken from a case,[3] and was objected to by McKenzie. Instead, the court instructed the jury:
The second issue for your determination is whether Alexander McKenzie misused the ladder, and if so, whether such misuse was a legal cause of the injury or damage complained of.
The court further denied defendants the use of a special interrogatory verdict form in which the misuse definition was included, adopting instead plaintiff's verdict form which covered only contributory negligence. Question three, the sole question on the verdict form which related to plaintiff's fault, read:
Was Alexander McKenzie negligent in the use of the ladder, and if so, was such negligence a legal cause of his injury or damage.
Defendants contend that in the wording of this question, plaintiff's misuse of the ladder was combined with any other negligence on his part, and this question was therefore overly broad, inaccurate, and misleading. They argue that plaintiff's misuse should have been contained in a separate question, independent of any inquiry as to his contributory negligence, because plaintiff's misuse would be a complete defense, whereas his contributory negligence would merely have been set off against defendants' alleged negligence.
In order to demonstrate reversible error, defendants must establish that the requested instructions contained an accurate statement of the law, that the facts in the case supported a giving of the instructions, and that the instructions were necessary for the jury to properly resolve the issues in the case. Davis v. Charter Mortgage Co., 385 So.2d 1173, 1174 (Fla. 4th DCA 1980) (citing Davis v. Lewis, 331 So.2d 320 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 946 (Fla. 1977)). The standard for reviewing the failure to give a jury instruction is "whether ... there was a reasonable possibility that the jury could have been misled by the failure to give the instruction." Tilley v. Broward Hospital District, 458 So.2d 817, 818 (Fla. 4th DCA 1984). Moreover, reversal will not be granted where the subject of the instruction is covered in other charges given by the court or where failure to give the instruction is not shown to be prejudicial. Llompart v. Lavecchia, 374 So.2d 77, 80 (Fla. 3d DCA 1979).
Applying the above principles of law to the facts before us, we conclude that the jury was properly instructed on the "misuse" defense. The trial court's refusal to include defendants' requested jury instructions was not prejudicial to the outcome of the case, and thus, was not reversible error.
For the foregoing reasons and based upon the authorities cited, the final judgment and judgment taxing costs against the defendants are affirmed.
Affirmed.
HUBBART, J., concurs.
BARKDULL, Judge, dissenting.
I respectfully dissent. As I understand the record in this case, the plaintiff's complaint was that the ladder in question was defective at the time it was sold by Sears. I find no competent evidence that such was the case. The plaintiff's expert, whose testimony is quoted in the majority, bases his opinion upon mere conjecture or guess. A physical examination[1] of the ladder to this *943 layman's eyes,[2] shows no evidence of defect or split in the wood in the siderail, which would have been in existence prior to the accident in question. There is no discoloration at the break or other evidence of a patent defect in the wood. With no competent evidence disclosing a defect at the time of the sale, it was error not to direct a verdict for the defendant; to hold otherwise is to make Sears an insurer.
NOTES
[1] Defendants argue that one explanation for the accident was that McKenzie misused the ladder by standing on the fifth step or paint shelf and his weight caused the rail to crack, causing him to fall to the pavement.
[2] Defendants' requested jury instruction number 10 stated that:

MISUSE of a product consists of using the product in a manner not intended, knowing of the danger of such misuse. A knowing misuse relieves the manufacturer and seller of liability for any injuries caused by the accident.
[3] Clark v. Boeing Co., 395 So.2d 1226, 1229 (Fla. 3d DCA 1981).
[1] The ladder has been made available for examination by the court.
[2] There is no need to resort to expert testimony when a condition is readily assertable by a layman. See Buchman v. Seaboard Coast Line R.R. Co., 381 So.2d 229, 230 (Fla. 1980); Florida Power Corp. v. Barron, 481 So.2d 1309, 1310 (Fla. 4th DCA 1986); Seaboard Coast Line R.R. Co. v. Kubalski, 323 So.2d 32, 33 (Fla. 4th DCA 1975); Millar v. Tropical Gables, Corp., 99 So.2d 589, 590 (Fla. 3d DCA 1958); Lugo v. Florida East Coast Ry. Co., 487 So.2d 321, 325 (Fla. 3d DCA 1986) (Barkdull, J., dissenting).