PER CURIAM.
Appellant, Ralph Hernandez, appeals his conviction and sentence for possession of cocaine with intent to sell within 1,000 feet 0f a public school. We reverse and remand-
Appellant was arrested by officers executing a search warrant at appellant’s home. The officers discovered rock cocaine and a large amount of cash in appellant’s pockets.
The search also produced weapons, jewelry and additional amounts of cash. At trial the weapons and jewelry were admitted into evidence. A police detective then testified:
Q: Detective, based on your experience as a narcotics investigator, how do you— how do you believe that that jewelry ended up in the house?
[DEFENSE COUNSEL]: Objection.
THE COURT: Overruled.
A: I believe that — Due to the fact that none of the jewelry coincide with any initials or names from the defendant or any other person that resides inside this house, I believe it was taken in trade for narcotics.
* * * * * *
Q: Detective Kent, in your experience as a narcotics investigator have you found weapons like this in homes that you’ve served search warrants?
[DEFENSE COUNSEL]: Objection, irrelevant.
THE COURT: Overruled.
A: I approximate on probably fifty to sixty percent of houses we execute warrants on, weapons are seized.
Q: Why are weapons like this kept in homes?
[DEFENSE COUNSEL]: Objection. He can’t answer that.
THE COURT: Overruled. If he knows.
Q: Do you know, Detective?
A: There are several reasons, two of which — Number one, sometimes they are used to do protection. Number two, is they’re also taken in trade for narcotics, as is jewelry, TV’s, whatever else.
*1042 Testimony concerning past crimes that do not involve this defendant cannot be introduced to demonstrate that this defendant committed the crimes at issue in the present case. Nowitzke v. State, 572 So.2d 1346 (Fla.1990).
We find that the detective’s testimony based on his anecdotal experience should not have been admitted, as it placed prejudicial and misleading inferences before the jury. See Nowitzke v. State, 572 So.2d at 1356. Accordingly we reverse and remand.