610 So.2d 9 (1992)
Stephen L. RUTH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-01847, 91-01974.
District Court of Appeal of Florida, Second District.
November 13, 1992.
Rehearing Denied December 29, 1992.
*10 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, convicted of concealing aircraft registration numbers, aircraft registration fraud, failure to present a pilot's license and maintaining an aircraft used to keep or sell drugs, challenges all four of his convictions on insufficiency of the evidence grounds. We agree with him as to his conviction for maintaining an airplane used for keeping or selling drugs and reverse that conviction. We otherwise affirm.
Appellant's conviction for maintaining an aircraft used for keeping or selling drugs must be reversed because it is based solely on the expert opinion of customs agent Cappabianca which, in itself, was based only upon circumstantial evidence which involved no direct evidence of the presence of drugs in regard to the use of the aircraft, a necessary element of the crime with which appellant was charged ("It is unlawful for any person ... [t]o keep or maintain any ... aircraft ... which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter." § 893.13(2)(a)5, Fla. Stat. (1987) (emphasis added)). Cappabianca, who had been qualified as an expert on air smuggling, was asked by the *11 state: "[D]o you have an opinion as to how this aircraft was used and how it was set up?" Cappabianca answered: "Yes, I do. I believe the aircraft was used and was set up to smuggle narcotics."
There are two reasons why this expert opinion testimony should not have been admitted as properly probative of the essential issue for which it was sought to be admitted, i.e., the use of the aircraft for keeping or selling drugs. For those two reasons, the testimony was clearly insufficient to sustain appellant's conviction for maintaining an aircraft used to keep or sell drugs. The first of those two reasons involves the "ultimate act" rule. While Cappabianca's opinion was properly predicated and, therefore, admissible to prove in what manner and for what purpose the aircraft was set up, his opinion cannot be properly admitted as the sole evidence which went directly to the ultimate act for which appellant was charged  keeping or maintaining an aircraft which is used to smuggle drugs. It was Cappabianca's opinion alone that purported to establish the actual presence of drugs in connection with the use of the aircraft. When offered for that purpose, the opinion testimony is impermissible. See Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla. 1984). In Town of Palm Beach, the issue was whether certain benefits to municipalities were "real and substantial." The supreme court held that while an expert could testify to whether certain benefits received by the municipality were important, he was precluded from giving his opinion that a particular benefit was "real and substantial." Similarly, in an action for negligent construction, while an expert may respond when asked whether the premises were constructed according to reasonably safe construction standards, he may not assert that the premises were in fact negligently constructed. Gifford v. Galaxie Homes, Inc., 223 So.2d 108, 111 (Fla. 2d DCA), cert. denied, 229 So.2d 869 (Fla. 1969). The supreme court in Town of Palm Beach explained:
While this is to some degree a matter of semantics, we find the distinction necessary. See Ehrhardt on Evidence, § 90.703 at 451 (West 1977). Otherwise, the trier of fact is being directed to arrive at a conclusion which it should be free to determine independently from the facts presented. We do not think that section 90.703 was intended to be so broad. See e.g., Ehrhardt, § 90.703; Feldman v. Department of Transportation, 389 So.2d 692, 694 (Fla. 4th DCA 1980).
460 So.2d at 882.
Appellant here was charged with keeping or maintaining an aircraft used to keep or sell drugs. Cappabianca testified that he believed the aircraft was set up and used to sell drugs. This directed the trier of fact "to arrive at a conclusion which it should be free to determine independently from the facts presented." Id. As such, admission of Cappabianca's statement was clearly error.
The state argues that Cappabianca's opinion did not direct the trier of fact to arrive at an ultimate conclusion because the ultimate issue was not how the plane was set up, but who owned the plane. We disagree. The ultimate issue here was how the plane was used. To prove the offense with which appellant was charged, the state had to prove the ownership of the plane, the manner in which the plane was set up, and also the ultimate issue  the actual use of the plane to keep or sell or "smuggle" narcotics. A defendant may not be convicted solely upon the basis of an expert opinion as to the actual commission of the ultimate act which constitutes the commission of the crime charged. Such a situation clearly runs afoul of the ultimate issue rule. Without evidence of the actual presence of drugs in connection with the use of the plane, it was error to admit Cappabianca's opinion testimony.
Although appellant's objection to Cappabianca's testimony did not directly raise this ultimate issue prohibition, appellant did object to Cappabianca's testimony on the grounds that it did not have a sufficient factual basis. That objection was sufficient to raise not only the "ultimate act" issue, but also the second issue, that Cappabianca's *12 testimony was based purely on speculation, which is the second reason we find that Cappabianca's statement was improperly admitted and insufficient evidence upon which to solely sustain a conviction.
As appellant argues and we have observed, Cappabianca's statement that the plane was set up and used to smuggle drugs was based on purely circumstantial evidence. No drugs were found on the plane. No drug packaging was found on the plane. No residue or paraphernalia was found on the plane. No drugs were taken off the plane. No drugs were ever observed in connection with the use of the plane. The long-range navigational equipment, portable cellular telephone and extra fuel capacity indicate that the plane was used for long flights, but not that those long flights were necessarily drug-related. Similarly, the fact that four of the plane's seats had been removed, that its windows were covered with cloth, that it had flown in low, had been to the Yucatan, had mud on it and had not requested clearance through customs all indicate surreptitious activity, but not necessarily drug activity.
Cappabianca's opinion testimony was the only evidence presented indicating that the plane was used to smuggle drugs. Yet, there was no evidence to support Cappabianca's conclusion. It was purely speculation and, as such, was inadmissible. An expert witness' opinion must be based on facts or inferences supported by the evidence. Arkin Construction Co. v. Simpkins, 99 So.2d 557, 561 (Fla. 1957). See also Hernandez v. State, 595 So.2d 1041 (Fla. 3d DCA 1992). Cappabianca's statement here had no factual basis of support.
Where, but for the admission of clearly erroneous testimonial evidence that invades the province of the jury, there is not a scintilla of evidence to support a conviction, the conviction must fall. We conclude that Cappabianca's opinion testimony was, under the circumstances of this case, improperly admitted. Without such testimony, the state presented no evidence upon which to convict appellant of maintaining an aircraft used to keep or sell drugs.
The state has also argued that if there was error in this admission of Cappabianca's opinion testimony it was harmless because Detective Annen later testified to similar matters and appellant did not object. A review of Annen's testimony, however, reveals that he did not testify that the aircraft was actually used to smuggle drugs. Rather, he detailed various characteristics of the plane that could imply such usage. He never said that it was used to smuggle drugs. There being no improper statements made, appellant had no need to object. We, therefore, find no error in the admission of Annen's testimony. Accordingly, appellant's failure to object to Annen's testimony did not waive his objection to Cappabianca's testimony since the two men testified to different matters.
We, accordingly, reverse appellant's conviction for maintaining an airplane used for keeping or selling drugs. We find no merit, however, in appellant's other contentions and otherwise affirm.
RYDER, A.C.J., and BLUE, J., concur.