PER CURIAM.
The defendant charged with attempted burglary and possession of burglary tools, after a jury trial, was convicted of trespass. The claim here is that an investigating detective’s testimony impermissibly suggested the defendant’s conduct showed he was guilty. The detective’s statement at issue was made during the following exchange:
PROSECUTOR: Officer Matthews, on cross examination you were asked some questions regarding whether or not the defendant attempted to flee when you first saw him. In your own words preferably using adjectives if you could, how would you describe—
DEFENSE COUNSEL: Your Honor, I would object to the prosecutor coaching the witness on how to answer a question. THE COURT: Let me hear the rest of the question.
PROSECUTOR: How would you describe the actions of the defendant when he first saw the police car.
THE COURT: I’m going to overrule the objection. He’s only asked for use of ad *1256 jectives. If the officer has some that he finds applicable, we’ll listen to them. OFFICER MATTHEWS: Well, from my own experience and seeing how people react after they’ve committed a crime— DEFENSE COUNSEL: Your Honor, I’ll object and I have a motion to make.
Out of the jury’s presence, the defendant moved for a mistrial based upon the officer’s statement regarding his experience with people who have “committed a crime.” The trial court denied the defendant’s motion but offered to give a curative instruction. Defense counsel agreed but stated that she did not believe it would be sufficient. When the jury returned, the court gave the following curative instruction:
Ladies and gentlemen, I forgot when you came in I had agreed to give you a special instruction. And that was to the police officer testified [sic] as to an opinion about how people act after they have committed offenses.
I have stricken that answer from the evidence and I am instructing you to disregard what the officer said in that answer—
 We recognize that such a question and answer put to a jury may prejudice the defendant’s right to a fair trial, as in Now-itzke v. State, 572 So.2d 1346,1355 (Fla.1990) and Hernandez v. State, 595 So.2d 1041 (Fla. 3d DCA), cert, denied, 605 So.2d 1266 (Fla. 1992). In those cases, however, there was actual evidence of inculpatory action that impugned the defendant’s innocence under the circumstances. In the present case, the offending testimony was only inferential. As the court concluded in Huffman v. State, 500 So.2d 349 (Fla. 4th DCA 1987), we find that the curative instruction in the instant case was sufficient to dissipate any improper inference. The error was not so prejudicial as to vitiate the entire trial. Solomon v. State, 596 So.2d 789, 790 (Fla. 3d DCA 1992).
Accordingly, we affirm the defendant’s appeal from the order denying motion for new trial.