MORRIS, Judge.
 

 The Estate of Caulie Jackson Murray, Sr. (the Estate), appeals a final judgment entered in favor of Delta Health Group, Inc. (Delta). We reverse the final judgment and remand for a new trial.
 

 Caulie Jackson Murray, Sr., was a resident of a nursing home operated by Delta when he died in February 2003. In March 2004, the Estate filed a complaint against Delta alleging violations of Mr. Murray’s nursing home residents’ rights under section 400.022, Florida Statutes (2002), as well as negligence and wrongful death. After a jury trial, the jury found that there was no negligence on the part of Delta that caused injury or death to Mr. Murray. The jury also found that Delta did not infringe on or deprive Mr. Murray of his nursing home residents’ rights. The jury returned a zero verdict in favor of Delta. The Estate filed a motion for new trial, which the trial court denied. The trial court subsequently entered a final judgment in favor of Delta.
 

 On appeal, the Estate claims that the trial court abused its discretion in allowing, over the Estate’s objection, the admission of portions of a deposition of Mr. Murray’s doctor, Dr. Desai, in which Dr. Desai opined that Delta was not negligent in its care of Mr. Murray. The Estate contends that Dr. Desai was an expert who should not have been permitted to render an opinion that applied a legal standard to the facts of the case. The Estate asserts that this invaded the province of the jury.
 

 At trial, the Estate indicated to the court that it intended to introduce the deposition testimony of Dr. Desai after it finished calling its witnesses. During Delta’s cross-examination of the Estate’s expert witnesses, registered nurse Lucilla Yeung and Dr. Steven Bowman, Delta used Dr. Desai’s deposition to impeach their direct-examination testimony that the nursing home breached its duty to provide Mr. Murray with the appropriate standard of care. Dr. Desai’s actual deposition was not admitted into evidence until Delta presented its case-in-chief. Prior to the admission of Dr. Desai’s deposition, both sides stated that they had each designated portions of the deposition to be admitted. The Estate objected to certain portions of Dr. Desai’s testimony being admitted on the basis that it is not “proper to have him
 
 *578
 
 opine whether someone was negligent.” The trial court overruled the Estate’s objection, concluding that “he’s an expert that can talk about an ultimate question.”
 

 During Delta’s admission of Dr. Desai’s deposition, Delta was permitted to introduce portions of the deposition in which Dr. Desai testified on four occasions that, in his opinion, the nursing home was not negligent. Delta also admitted several portions of the deposition in which Dr. Desai testified that he did not report any neglect of Mr. Murray and that if he had felt Mr. Murray had been neglected, he would have reported so as required of him by section 415.1034(l)(a), Florida Statutes (2002).
 

 Dr. Desai’s deposition testimony was offered into evidence before the jury without any mention of his being an expert. Delta claims that this means Dr. Desai’s testimony was not offered as expert testimony. However, there is no requirement that the trial court make a finding that the proffered testimony is expert testimony.
 
 See Alexander v. State,
 
 931 So.2d 946, 951 (Fla. 4th DCA 2006) (“[T]he better procedure would have been to permit the witness to testify without reference to his or her status as an expert.”);
 
 Cham-bliss v. White Motor Corp.,
 
 481 So.2d 6, 8 (Fla. 1st DCA 1985) (“[I]t is questionable whether it is proper procedure for a court to expressly declare a witness an ‘expert’ because the jury may infer from such declaration that the court is placing its approval on the opinions of the witness.”). We conclude that because all parties and the trial court considered Dr. Desai to be an expert and because the offered portions of his deposition testimony contained opinion testimony that relied on his knowledge and training, Dr. Desai’s testimony constituted expert testimony.
 

 The trial court has broad discretion in determining the subject on which an expert may testify.
 
 See Town of Palm Beach v. Palm Beach County,
 
 460 So.2d 879, 882 (Fla.1984). An expert may render an opinion regarding an ultimate issue in a case, but he or she is not permitted to render an opinion that applies a legal standard to a set of facts.
 
 See id.; Ruth v. State,
 
 610 So.2d 9, 11 (Fla. 2d DCA 1992);
 
 County of Volusia v. Kemp,
 
 764 So.2d 770, 773 (Fla. 5th DCA 2000) (“If expert testimony ... tells the jury how to decide the case, it should not be admitted.”). An expert should not be permitted to testify regarding a legal conclusion that the jury should be free to reach independently from the facts presented to it.
 
 See Town of Palm Beach,
 
 460 So.2d at 882. Here, Dr. Desai’s deposition testimony included opinions that improperly applied the legal standard of negligence to the facts of the case and that told the jury how to decide the case. Delta could have offered Dr. Desai’s opinion that the nursing home did not breach the standard of care but not his opinion that the nursing home was not negligent.
 
 See id.
 
 (noting that the distinction is to some degree a matter of semantics but that it is a necessary distinction nonetheless).
 

 Delta argues that the Estate opened the door to the improper expert testimony by repeatedly asking their experts whether certain acts constituted deprivations of Mr. Murray’s nursing home residents’ rights, citing
 
 Guy v. Right,
 
 431 So.2d 653 (Fla. 5th DCA 1983). In
 
 Guy,
 
 431 So.2d at 656, the appellants argued that the appellee’s experts drew legal conclusions and invaded the province of the court. The court held that the appellants
 

 have not shown that they were unduly prejudiced by the allowance of the experts’ testimony, particularly because any alleged error resulting from the admission of the experts’ testimony was invited by the appellants when their own witness gave his opinions and conclu
 
 *579
 
 sions on the same subject, prior to the admission of the appellee’s experts’ opinions.
 

 Id. Guy
 
 is distinguishable from the instant case because the Estate did not elicit improper expert testimony on the same subject of whether the nursing home was negligent and therefore did not open the door to Delta’s doing so. The Estate asked numerous questions of its witnesses that went to another ultimate legal issue to be decided — whether Mr. Murray’s nursing home residents’ rights were violated— but Delta did not object to these questions.
 

 In addition,
 
 Guy
 
 relied on section 90.703, Florida Statutes (1981), which provided that “ ‘[tjestimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.’ ” 431 So.2d at 656 (alteration in original).
 
 Guy
 
 was decided before
 
 Town of Palm Beach,
 
 460 So.2d at 882, in which the supreme court held that “section 90.703 does not imply the admissibility of all opinions. If the witnesses] conclusion tells the trier of fact how to decide the case [ ] and does not assist it in determining what has occurred, then it is inadmissible.” The supreme court held that section 90.703 was not intended to be so broad as to permit an expert to direct the jury to arrive at a conclusion that the jury should be free to independently determine from the facts presented. 460 So.2d at 882.
 

 G'ivy
 
 is further distinguishable because the court in
 
 Guy
 
 held that the admission of the experts’ testimony in that case was harmless error. The same cannot be said in this case. Delta relied heavily on Dr. Desai’s opinion testimony that the nursing home was not negligent. During deliberations, the jury asked to read Dr. Desai’s deposition and was given a copy of the portions admitted into evidence.
 

 We conclude that the trial court abused its discretion in allowing Delta, over the Estate’s objection, to introduce Dr. Desai’s opinion testimony that the nursing home was not negligent. We reverse the final judgment entered in favor of Delta and remand for a new trial on the issues of negligence and wrongful death. Because a new trial is required, the remaining two issues raised on appeal by the Estate are moot.
 

 Reversed and remanded.
 

 NORTHCUTT and VILLANTI, JJ., Concur.