PER CURIAM.
These consolidated appeals are from final judgments in an action growing out of an intersectional collision. The plaintiffs were Roy Garcia and Roxanna Garcia, his wife. The defendants were Rosandra Antunez, whose car first collided with plaintiff Garcia’s automobile, and Jose Araco, whose car then collided with plaintiff’s car.
The evidence as to the collision between plaintiff’s vehicle and the Antunez vehicle is conflicting, but it is clear that the Antunez vehicle proceeded out of a street controlled by a stop sign and that the Antu-nez vehicle stalled in the intersection. The evidence is clear that Araco was proceeding slowly on the same through-street as Garcia and in the same direction as Garcia. The Garcia car was forced back into the Araco automobile.
The cause was tried before a jury. At the conclusion of all the evidence, the trial judge directed a verdict for Araco and his insurance company. The court, over the objection of the plaintiff and the defendant Antunez, gave the following instruction upon the Florida No-Fault insurance statute:
“You are instructed that this case is subject to the Florida no-fault law. In order for the plaintiff to recover damages in this case, you must first find that he has either sustained á permanent injury within the reasonable medical probability, as a result of the accident in this cause, or has incurred reasonable and necessary medical expenses in excess of $1,000.
“If you find the plaintiff has either sustained a permanent injury within a reasonable medical probability as a result of the accident, or has incurred reasonable and necessary medical expenses in excess of $1,000, then you may consider the element of damages, of which I will instruct you.
“If you find, however, that the plaintiff did not sustain a permanent injury within a reasonable medical probability as a direct result of the accident, or incur reasonable and necessary medical expenses in excess of $1,000, then you must find for the defendants.” [emphasis supplied]
The jury returned a verdict for the defendant Antunez. Final judgment was entered for both defendants, and these appeals followed.
*74 The directed verdict for the defendant Araco was proper because no reasonable view of the evidence established negligence on his part. The judgment for defendant Araco and his insurance company is affirmed. Cf. Hormovitis v. Mutual Lumber Co., 120 So.2d 42 (Fla. 2d DCA 1960); Novitch v. Nu Way Auto Service, 315 So.2d 203 (Fla. 3d DCA 1975).
The evidence as to the negligence of the defendant Antunez was conflicting. Viewed in the light most favorable to the jury verdict, the evidence was sufficient to support the jury verdict for the defendant Antunez. See Republic National Life Insurance Company v. Valdes, 348 So.2d 566 (Fla. 3d DCA 1977).
Plaintiff urges that the Supreme Court of Florida in Calhoun v. New Hampshire Ins. Co., 354 So.2d 882 (Fla.1978), eliminated the necessity of presenting the no-fault threshold question to the jury and that, therefore, the giving of the instruction above quoted, over plaintiff’s objection, was error. The holding in Calhoun limits itself to the question of “subject matter jurisdiction.” Section 627.737, Florida Statutes (1975), creates specific events that must transpire, i. e., over $1,000.00 in reasonable and necessary medical expenses or permanent injury before plaintiff may recover certain damages in a motor vehicle tort action, and those events for jurisdictional purposes must be alleged in good faith and proven to a jury’s satisfaction for a plaintiff to recover.
Affirmed.