THOMPSON, Judge.
This is an appeal from an order granting a new trial in a personal injury action. Appellants contend the order granting a new trial should be reversed because it was based on the trial court’s erroneous conclusion that certain jury instructions should not have been given. We reverse.
Appellees, Lois and Johnny Funny, filed a complaint against appellants, Colleen Thompson and her insurer, Allstate Insurance Company, for damages they allegedly sustained as the result of a collision between an automobile driven by Lois Funny and an automobile driven by Colleen Thompson. The complaint alleged the action was not subject to the tort exemptions of § 627.737, Fla.Stat. in that Lois Funny “sustained a permanent injury within a reasonable degree of medical probability.” At the charge conference appellants were permitted, over appellees’ objection, to add the language “other than scarring or disfigurement” to the language “a permanent injury based on reasonable medical probability,” which appeared in appellants’ written requested jury instructions. Accordingly, the jury instructions and verdict tracked the language of § 627.737(2)(b), Fla.Stat., which lists as one of the no-fault thresholds “[permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.” The jury found that as a result of the instant accident Lois Funny did not receive a permanent injury, within a reasonable degree of medical probability, other than scarring or disfigurement.
The trial court granted appellees’ motion for new trial. The trial court reasoned that in light of Dr. Todd’s testimony, which indicated Lois Funny had scarring in her muscle tissue as a result of the accident, the jury could have easily been misled to appel-lees’ prejudice by the addition of the language “other than scarring or disfigurement.” The trial court concluded that although the language in question is contained in § 627.737(2)(b), it should not have been included in the instructions. We disagree. The language “other than scarring or disfigurement” is included in the applicable statute, is borne out by the evidence, and was not misleading. Accordingly, the addition of this language was proper and was not grounds for a new trial.
The order granting a new trial is reversed and the case is remanded to the trial court to enter judgment in favor of the appellants.
MILLS and WIGGINTON, JJ., concur.