503 So.2d 947 (1987)
Darlene GIORDANO, Appellant,
v.
Nelson RAMIREZ, M.D., Abilio Coello, M.D., Daniel G. Harwitz, M.D., American Health Plan, Inc., and Cigna Health Plan of South Florida, Appellees.
No. 86-211.
District Court of Appeal of Florida, Third District.
March 3, 1987.
Rehearing Denied April 1, 1987.
*948 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, Miami, for appellant.
Stephens, Lynn, Chernay & Klein and Robert M. Klein and Debra J. Snow, Miami, Fertig & Gramling and Donna E. Albert, Ft. Lauderdale, for appellees.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
This is an appeal from a final judgment entered in favor of defendants pursuant to a jury verdict.
Appellant Darlene Giordano filed this action for damages against a health care organization and various affiliated doctors. The complaint alleges both negligence and breach of (the health care) contract. Appellant now seeks review of the trial court's refusal to charge the jury that she was a third party beneficiary of, and entitled to enforce, the contract, as well as the *949 court's failure to define negligence for the jury in accordance with the standard of care set forth in the same contract.[1] Appellant's second assignment of error is in the court's failure to prohibit defendants from inquiring, during cross-examination, into certain matters concerning her expert witness' background. We find no merit in either claim.
First, to obtain reversal for denial of a proposed jury instruction, appellant must establish that the requested instruction contained an accurate statement of the law, that the facts of the case support the giving of the instruction, and that the instruction was necessary for the jury to properly resolve the issues in the case. Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (Fla. 3d DCA 1987); Schreidell v. Shoter, 500 So.2d 228, 231 (Fla. 3d DCA 1986). Reversal will not be granted, in any case, where the subject of the proposed instruction is covered in other charges given by the court or where failure to give the instruction is not shown to be prejudicial. Sears, 502 So.2d at 942; Schreidell, 500 So.2d at 231; LaTorre v. First Baptist Church of Ojus, Inc., 498 So.2d 455, 456 (Fla. 3d DCA 1986); Llompart v. Lavecchia, 374 So.2d 77, 80 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 758 (Fla. 1980). What is ultimately dispositive is whether the record reveals that failure to give the instruction misled the jury. Sears, 502 So. at 942; Schreidell, 500 So.2d at 231; LaTorre, 498 So.2d at 456; Gallagher v. Federal Ins. Co., 346 So.2d 95, 97 (Fla. 3d DCA), cert. denied, 354 So.2d 980 (Fla. 1977).
With the foregoing principles in mind, we have considered, as we must, the instruction given as a whole, together with the verdict form and in light of the evidence presented. See Grimm v. Prudence Mut. Cas. Co., 243 So.2d 140, 143 (Fla. 1971); LaTorre, 498 So.2d at 456; Gallagher, 346 So.2d at 97; Yacker v. Teitch, 330 So.2d 828, 830 (Fla. 3d DCA 1976).
An additional instruction regarding appellant's third party beneficiary status was not necessary in this case. The jury was clearly charged that it could award damages to appellant if the health care contract was breached. Moreover, there is no showing that the jury was misled or that appellant was in any way prejudiced by the court's failure to instruct the jury as to her status.
The court also properly rejected the second half of appellant's proposed instruction defining negligence. The instruction is premised upon appellant's position, both at trial and on appeal, that the standard of care provided by the health care contract is a higher standard than the standard of care set forth in the instruction given. The record, however, is devoid of competent substantial evidence to support that position. Therefore, we approve the trial court's decision to reject the additional instruction.[2]See Seaboard Coast Line R.R. v. Clark, 491 So.2d 1196, 1198 (Fla. 4th DCA 1986) (parties are entitled to instructions on their theory of the case where the evidence substantially supports the theory); Thursby v. Reynolds Metals Co., 466 So.2d 245, 249 (Fla. 1st DCA) (same), review denied, 476 So.2d 676 (Fla. 1985); Morganstine *950 v. Rosomoff, 407 So.2d 941, 943 (Fla. 3d DCA 1981) (same); Rodriguez v. Haller, 177 So.2d 519, 520 (Fla. 3d DCA 1965) (court is not required to give instruction if court does not deem it full, fair and applicable to the facts of the case); Fournier v. Lott, 145 So.2d 885 (Fla. 3d DCA 1962) (the particular instructions to be given depend upon the issues developed by the pleadings and supported by the evidence); see also Sears, 502 So.2d at 942; Schreidell, 500 So.2d at 231.
Accordingly, we conclude that the instant defense verdict, which is otherwise supported by competent substantial evidence, was rendered by the jury following a fair and accurate presentation of the applicable law.
The second point raised also lacks merit. Appellant claims the trial court granted a motion in limine which should have prevented defendants from inquiring into certain areas of her expert witness' background. We disagree. The ruling in limine merely indicated that the court would follow the law  the scope of the expert's cross-examination would be governed by the scope of his direct examination. Additionally, appellant has not shown that the questions objected to exceeded the boundaries of the law. See Dabney v. Yapa, 187 So.2d 381 (Fla. 3d DCA 1966) (a trial court's ruling with regard to the cross-examination of a witness will not be disturbed absent a clear abuse of discretion).
For the foregoing reasons, and based upon the authorities cited, the final judgment under review is, in all respects, affirmed.
Affirmed.
NOTES
[1] The court gave Florida Standard Jury Instruction (Civil) 4.2(a), which provides:

Negligence is the failure to use reasonable care. Reasonable care on the part of a physician is the use of that knowledge, skill and care which is generally used in similar cases and circumstances by physicians in communities having similar medical standards and available facilities.
Appellant's proposed instruction, which the court rejected, added the following:
In addition, the Defendants agreed by contract to render their medical care to Darlene Giordano "in accordance with a high standard of competence, care, and concern for the welfare and needs of the SUBSCRIBERS... ." Any physician defendant would also be negligent if he failed to meet this standard of care.
[2] In fact, the court would have committed reversible error had it given appellant's proposed negligence instruction, because it would also have been cumulative and misleading. See, e.g., Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982) (jury instructions which suggested conflicting standards of proof and were confusing as to the duty of care owed by a physician were held to constitute reversible error).