518 So.2d 943 (1987)
James ASHLEY and Janet Ashley, His Wife, Appellants,
v.
OCEAN ROC MOTEL, INC., a Florida corporation, d/b/A Ocean Roc Resort Motel, Appellee.
No. 87-326.
District Court of Appeal of Florida, Third District.
December 29, 1987.
Rehearing Denied February 3, 1988.
*944 Lawrence & Daniels and Adam H. Lawrence, Miami, for appellants.
Richard A. Sherman, Pomeroy. Pomeroy & Pomeroy and Gregg J. Pomeroy and Rosemary Wilder, Ft. Lauderdale, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
James and Janet Ashley appeal from a final judgment denying them recovery for injuries allegedly suffered by James in a fall at the Ocean Roc Motel. Their appeal is founded upon a failure of the trial judge to submit to the jurors a definition of "constructive notice" and his refusal to submit a concurring cause instruction. We affirm the decision of the trial court.
The Ashleys were guests of the Ocean Roc Motel, on the night of November 25, 1984, when they decided to do their laundry at the motel's facility. As they rounded the corner of the motel and went up the stairs near the kitchen service entrance, James (who was carrying the clothes basket) testified that he stepped in a puddle of grease and fell backward down the steps, injuring his pelvis. Next morning, the Ashleys contacted an attorney who advised them to report the incident to the motel's manager.
When questioned, the motel management and employees attested to daily inspections of the premises for cleanliness, stating that sidewalks surrounding the motel were swept daily and washed with detergent as needed. Several times a year the walks received a cleaning with muriatic acid which spotted and stained the concrete, as shown in photographs taken by Janet Ashley immediately following James' fall.
Despite these attested procedures, James Ashley stated that when he checked out of the motel a day later, the grease was still on the walkway. The Ashleys' subsequent complaint alleged, inter alia, that the motel was negligent in "allowing a dangerous condition to exist on the subject premises," and that the motel knew or should have known of the condition because it had existed for a sufficient length of time. The motel defended in part on grounds that the acts and/or omissions of third persons were responsible in whole or in part for the alleged injuries suffered by Ashley.
During the charge conference, the court refused Ashley's requested instruction on concurring cause, and a special instruction defining "constructive notice" of a dangerous condition. When the jury found for the Ocean Roc Motel, this appeal was filed.
*945 In order to preserve error on appeal, all objections to the charges to be given the jury must be made at the conference. Rule 1.470, Fla.R.Civ.P.; see Arnold v. Taco Properties, 427 So.2d 216 (Fla. 1st DCA), review denied, 434 So.2d 886 (Fla. 1983); Lollie v. General Motors Corp., 407 So.2d 613 (Fla. 1st DCA 1981). It is also axiomatic that a party to an appeal may lose its right to attach error by having agreed or consented to the ruling of procedure to which he now objects. Dade Air Conditioning & Heating Corp. v. Jannach, 218 So.2d 193 (Fla. 3d DCA 1969).
The Ashleys failed to object to the instructions during conference and showed no prejudice to have resulted from the court's refusal to give the two instructions cited as error, nor did they assign any error to the jury verdict. It is improper to raise on appeal an issue left unchallenged in the trial court that is not fundamental in nature. Enfield's Miami Photo v. Keyes Co., 489 So.2d 1203 (Fla. 3d DCA 1986); see Middelveen v. Sibson Realty, Inc., 417 So.2d 275 (Fla. 5th DCA), review denied, 424 So.2d 762 (Fla. 1982).
In order to establish a court's denial of a requested jury instruction as reversible error, the appellant must show the requested instruction was an accurate statement of the law, necessary for proper determination of the case and that the facts of the case supported giving the instruction. Alderman v. Wysong & Miles Co., 486 So.2d 673 (Fla. 1st DCA 1986); Davis v. Charter Mortgage Co., 385 So.2d 1173 (Fla. 4th DCA 1980); see Kinya v. Lifter, Inc., 489 So.2d 92 (Fla. 3d DCA) review denied, 496 So.2d 142 (Fla. 1986); Gallagher v. Fed. Ins. Co., 346 So.2d 95 (Fla. 3d DCA), cert. denied, 354 So.2d 980 (Fla. 1977). Where, as here, the charges given were in accord with the evidence and the applicable law, and there was ample evidence to support the verdict, errors in refusing to give instructions will not warrant reversal. Leake v. Watkins, 73 Fla. 596, 74 So. 652 (1917); sec Hill v. Sadler, 186 So.2d 52 (Fla. 2d DCA), cert. denied, 192 So.2d 487 (Fla. 1966).
We find the error raised as to the jury instructions harmless and not preserved. Accordingly, the final judgment entered on the jury verdict is affirmed.
Affirmed.