532 So.2d 1097 (1988)
L.K., Appellant,
v.
WATER'S EDGE ASSOCIATION, etc., Appellee.
No. 87-1513.
District Court of Appeal of Florida, Third District.
October 4, 1988.
Rehearing Denied November 15, 1988.
Paul Morris, Coral Gables, Marc N. Linowitz, Miami, for appellant.
Joe N. Unger, Richard M. Welsh, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
L.K. appeals the trial court's entry of an adverse final judgment in accordance with a jury verdict. We reverse.
L.K. was a tenant at the Water's Edge Condominium when an intruder entered her apartment through a kitchen window and sexually assaulted her. L.K. sued Water's Edge Association, Inc., (Water's Edge) for damages predicated on its negligent failure to provide adequate security. At trial, L.K. presented evidence concerning crime in the area; assurances by Water's Edge of excellent security; its disregard of recommendations by its detective agency as to when a guard should be on duty; and the inadequacy of the condominium's security.
At the charge conference, L.K. requested the court to give Florida Standard Jury Instruction charges on duty and negligence:
1. The court has determined and now instructs you, as a matter of law, that the circumstances at the time and place of the incident complained of were such that the Defendant, WATER'S EDGE ASSOCIATION, had a duty to employ reasonable security measures to protect [L.K.] from reasonably foreseeable criminal activity. [Fla.Std. Jury Instr. (civil) 3.1(a)].
2. The first issue for your determination on the claim of the Plaintiff, [L.K.], against Defendant, WATER'S EDGE ASSOCIATION, is whether the Defendant was negligent in failing to employ reasonable security measures and, if so, whether such negligence was a legal cause of the damages sustained by *1098 [L.K.]. [Fla.Std. Jury Instr. (civil) 3.5(a)].
The trial judge refused to give the requested instructions, charging the jury instead:
The issues for your determination on this claim which has been brought by [L.K.], who is the plaintiff, against WATER'S EDGE CONDOMINIUM ASSOCIATION, the defendant, is whether the defendant, WATER'S EDGE CONDOMINIUM ASSOCIATION, negligently failed to correct a dangerous condition, of which the defendant, WATER'S EDGE CONDOMINIUM ASSOCIATION, either knew or should have known by the use of reasonable care or negligently failed to warn the plaintiff, [L.K.], of a dangerous condition concerning which the defendant, WATER'S EDGE CONDOMINIUM ASSOCIATION, had or should have had knowledge greater than that of the plaintiff, [L.K.]. [Fla.Std. Jury Instr. (civil) 3.5(f)].
The jury returned a verdict against L.K., and the trial court entered final judgment pursuant to the verdict. L.K.'s sole point on appeal asserts that the trial court committed reversible error when it refused to give her requested instructions. Water's Edge maintains that L.K. failed to preserve the issue for appellate review.
A party is entitled to have the trial court instruct the jury on his or her theory of the case when the evidence, even though controverted, supports the theory. Luster v. Moore, 78 So.2d 87 (Fla. 1955); Williams v. Sauls, 151 Fla. 270, 9 So.2d 369 (1942). The failure to give a requested instruction constitutes reversible error only when the requested instruction "contain[s] an accurate statement of the law, ... the facts in the case support[ed] a giving of the instructions, and ... the instructions [are] necessary for the jury to properly resolve the issues in the case." Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla. 1987). See also Ashley v. Ocean Roc Motel, Inc., 518 So.2d 943 (Fla. 3d DCA 1987), review denied, 528 So.2d 1181 (Fla. 1988); Giordano v. Ramirez, 503 So.2d 947 (Fla. 3d DCA 1987). The appellate court will not set aside a verdict merely because an instruction which might have been proper was not given, Ashley; Menard v. O'Malley, 327 So.2d 905 (Fla. 3d DCA 1976), disapproved on other grounds, Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241 (Fla. 1987); the court must conclude that the jurors were misled by the trial court's failure to give the requested instruction. Giordano; LaTorre v. First Baptist Church of Ojus, Inc., 498 So.2d 455 (Fla. 3d DCA 1986), review denied, 503 So.2d 326 (Fla. 1987); McKenzie; Gallagher v. Federal Ins. Co., 346 So.2d 95 (Fla. 3d DCA), cert. denied, 354 So.2d 980 (Fla. 1977). We reach that conclusion.
In the case under consideration, the trial court's refusal to give L.K.'s requested jury instructions constituted reversible error because the evidence supported her theory of the case and because the court's instruction misled the jury. The theory of L.K.'s case was that Water's Edge had a duty to keep the common areas reasonably safe and to provide adequate security measures to protect her from reasonably foreseeable criminal activity, and that it breached that duty. L.K. presented testimony to support that theory. As a matter of law, Water's Edge was obliged to protect L.K. from reasonably foreseeable criminal conduct. Lambert v. Doe, 453 So.2d 844 (Fla. 1st DCA 1984); Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980). Thus, L.K. was entitled to the requested instruction.
The trial court's instruction was misleading. It failed to inform the jury of the duty imposed by law on Water's Edge. Instead, the trial court instructed the jury that Water's Edge was liable only if it negligently failed to correct a dangerous condition of which it knew or should have known or negligently failed to warn L.K. of a dangerous condition of which Water's Edge had or should have had greater knowledge. That instruction might be appropriate when a landlord's failure to repair results in a tenant's slip and fall, but is misleading when, as here, the landlord's *1099 negligence is based on a failure to provide adequate security.
We find no merit in the contention that appellant failed to preserve the error. On the contrary, counsel clearly, and appropriately, requested the desired instructions; counsel's courteous response to the trial court's ruling did not constitute an abandonment of appellant's position.
For these reasons, we reverse and remand for a new trial.