NESBITT, Judge
(dissenting):
I respectfully dissent. The instruction given to the jury was neither misleading nor prejudicial. Section 627.737(2), Florida Statutes (1983) makes no specific mention of the subjective elements of an injury. In point of fact, section 627.737(2) states that the plaintiff must prove “permanent injury within a reasonable degree of medical probability.” The instruction here tracked that language; mention of subjective complaint was not required. See Eley v. Moris, 478 So.2d 1100 (Fla. 3d DCA 1985); Thompson v. Funny, 440 So.2d 687 (Fla. 1st DCA 1983); Garcia v. Antunez, 362 So.2d 72 (Fla. 3d DCA 1978).
Reversal will not be granted where the subject of the proposed instruction is covered in other charges given by the court, or where failure to give the instruction is not shown to be prejudicial. Giordano v. Ramirez, 503 So.2d 947 (Fla. 3d DCA 1987); Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla.1987); Schreidell v. Shoter, 500 So.2d 228, 231 (Fla. 3d DCA 1986), review denied, 511 So.2d 299 (Fla.1987); LaTorre v. First Baptist Church of Ojus, Inc., 498 So.2d 455, 456 (Fla. 3d DCA 1986), review denied, 503 So.2d 326 (Fla.1987); Llompart v. Lavecchia, 374 So.2d 77, 80 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 758 (Fla.1980). What is ultimately dispositive is whether the record reveals that failure to give the requested instruction misled the jury. Giordano, 503 So.2d at 949; Sears, 502 So.2d at 942; Schreidell, 500 So.2d at 231; LaTorre, 498 So.2d at 456; Gallagher v. Federal Ins. Co., 346 So.2d 95, 97 (Fla. 3d DCA), cert. denied, 354 So.2d 980 (Fla.1977).
In the instant case, the fact that the defendant’s expert witness interspersed the words impairment and injury in his testimony does not indicate the jury was misled. The expert clearly stated his conclusion:
I’m not saying he may not need treatment later on for his arthritis that’s not related, or for a cold, but as far as the accident, no need for medical treatment, no evidence of permanent impairment— meaning permanent injury as a result of injuries sustained at the time of this accident.
Neither is there evidence that the jurors were not “fully cognizant” of what constituted a permanent injury. While appellants contend voir dire questioning demonstrated jurors’ varying explanations of the term permanent injury, no statements made by the jurors indicate their interpretations of that term precluded subjective complaints of pain. Here, as in Westbrook *203 v. All Points, Inc., 384 So.2d 973 (Fla. 3d DCA 1980), the jury simply disbelieved the plaintiffs claim of ongoing permanent injury-