REVISED OPINION
PER CURIAM.
This is an appeal by the defendant Dy-nair Tech of Florida, Inc., f/k/a Airtech Service, Inc., from a final judgment based on an adverse jury verdict in a negligence and breach of bailment action arising out the destruction of the bailed aircraft owned by the plaintiff Cayman Airways Limited. We reverse for a new trial based on the following briefly stated legal analysis.
First, we conclude that the trial court committed reversible error in instructing the jury that the defendant, as the bailee of the subject aircraft, was:
“presumed to be negligent if he cannot explain the damage to the property, and the law imposes upon him the burden of showing that he exercised the degree of care required by the nature of the bailment.
The bailee, in order to [avoid] the inference that he breached the required degree of care has the burden of coming forward with that evidence that he exercised the degree of care required by the nature of the bailment.”
Sufficient evidence was adduced below to rebut the presumption of negligence which arises when bailed property is lost or destroyed while in the possession of the bailee. Accordingly, this “vanishing presumption” of negligence disappeared from the case, and a jury question was thereafter presented as to whether the defendant was guilty of negligence in its care of the subject aircraft, under a standard jury instruction on negligence which places the burden of proof as to this issue on the plaintiff. See Aetna Casualty & Surety Co. v. Pappagallo Restaurant, Inc., 547 So.2d 243 (Fla. 3d DCA 1989). Based on circumstances indistinguishable from the instant case, it has been held reversible error for a trial court to instruct the jury, as here, on the rebuttable presumption of negligence arising from a bailment relationship. Insurance Co. of State of Pa. v. Estate of Guzman, 421 So.2d 597, 600-02 (Fla. 4th DCA 1982). We have not overlooked the plaintiff’s arguments to the contrary, but are not persuaded thereby. The defendant adequately objected to the subject jury instruction in the trial court; the Guzman case was correctly decided and cannot be distinguished from the instant case; and the error in giving the said instruction was greatly prejudicial to the defendant. See L.K. v. Water’s Edge Ass’n, 532 So.2d 1097 (Fla. 3d DCA 1988); cf. Ashley v. Ocean Roc Motel, Inc., 518 So.2d 943 (Fla. 3d DCA 1987); Giordano v. Ramirez, 503 So.2d 947 (Fla. 3d DCA 1987).
*32 Second, we find no merit, however, in the balance of the defendant’s points on appeal. (1) It was not error, as urged, to instruct the jury on a breach of bailment theory. Article 8(a)(1) of the agreement between the parties, purporting to limit the defendant’s liability unless caused by its “sole negligence,” does not preclude such a jury instruction because the aforesaid contractual limitation is contradicted by Article 8(a)(4) of the same agreement which purports to limit the defendant’s liability to “gross negligence or willful misconduct;” and, thus, the subject exculpatory clause is of no force and effect. Eller & Co., Inc. v. Galapagos Line, S.A., 493 So.2d 1061 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 766 (Fla.1987); O’Connell v. Walt Disney World Co., 413 So.2d 444, 446 (Fla. 5th DCA 1982). (2) It was not error, as urged, to refuse to limit the plaintiff’s recovery to the cost of repairing the subject aircraft. Article 8(b) of the agreement between the parties does purport to limit damages to repair costs, but this is confined to losses to property which is covered by certain described insurance without regard to deductibles. There is no showing that the losses sustained by the plaintiff were covered by this type of insurance; indeed, most of the losses sustained by the plaintiff were not covered by any insurance. Moreover, Article 7(c) of the agreement is confined to breach of warranty claims and has no application to this case. (3) It was not error, as urged, to refuse to reduce the amount of the plaintiff’s recovery by the sum which the plaintiff received from his insurance carrier. The defendant was liable to the plaintiff for the full amount of the plaintiff’s damages proximately caused by the defendant’s negligence. The fact that the plaintiff’s insurer may have paid for a part of these damages, and now has a claim against the plaintiff, cannot change this result; clearly, the plaintiff’s insurer has no claim against the defendant and consequently the defendant is in no way prejudiced. See Gould v. Weibel, 62 So.2d 47 (Fla.1952).
The final judgment under review is reversed and the cause is remanded for a new trial.
Reversed and remanded.