ROTHENBERG, J.
 

 In this wrongful death action, William Javier Beltran, as Personal Representative of the deceased, Flor Bejarano Cruz, appeals the final judgment entered in favor of R.S.P. Transport on its motion for directed verdict and in favor of Ronald Rodriguez following the jury’s finding of no liability. For the reasons that follow, we affirm.
 

 1. Background
 

 On January 12, 2004, Flor Bejarano Cruz made a U-turn to head north onto State Road 27, where her car collided with another automobile. The parties stipulated that she did not stop before making the U-turn. The sideswipe collision
 
 *727
 
 caused Cruz’s car to slide forty-six feet before coming to a stop in the left northbound lane of traffic. No more than seven seconds later, a commercial truck driven by Ronald Rodriguez (“Truck Driver”) hit Cruz’s car at approximately fifty-five miles per hour. Cruz died as a result of the two crashes. William Javier Beltran, as Cruz’s Personal Representative (“Plaintiff’), sued the Truck Driver and his employer, R.S.P. Transport (“Trucking Company”), for Cruz’s wrongful death.
 

 At the close of the Plaintiffs case, the Trucking Company moved for a directed verdict, which the trial court granted. The case proceeded against the Truck Driver with the stipulation that if the Truck Driver was found to be liable, the Trucking Company would be held vicariously liable for the Truck Driver’s negligence. The jury found no liability on the part of the Truck Driver, and the trial court entered judgment in favor of the defendants. This appeal followed.
 

 II. The Negligence Claim Against the Trucking Company
 

 Count I of the Plaintiffs complaint alleged that the Trucking Company was negligent in its inspection and maintenance of the vehicle. At the close of the Plaintiffs case-in-chief, the Trucking Company moved for, and the trial court granted, a directed verdict as to this Count. The Plaintiff claims that the trial court erred in directing a verdict as to the Plaintiffs negligence claim against the Trucking Company.
 

 We review the trial court’s ruling on a motion for a directed verdict de novo.
 
 Diaz v. Impex of Doral,
 
 7 So.3d 591, 593 (Fla. 3d DCA 2009). When considering a motion for a directed verdict, the trial court must give the benefit of all reasonable inferences to the nonmoving party.
 
 Id.
 
 To establish a claim for negligence, a plaintiff must show: (1) the defendant had a legal duty to conform to a certain standard of conduct; (2) the defendant breached that duty; and (3) the plaintiff sustained damage that was proximately caused by the defendant’s breach.
 
 Stahl v. Metro. Dade County,
 
 438 So.2d 14, 17 (Fla. 3d DCA 1983). The proximate cause element requires, “at the very least a causation-in-fact test, that is, the defendant’s negligence must be a cause-in-fact of the plaintiffs claimed injuries.”
 
 Id.
 

 In the instant action, the Plaintiff called four witnesses during its case in chief. Richard Santana, the owner of the Trucking Company, testified that he examined the truck involved in the accident every weekend, he examined the truek on the day of the collision, and he did not observe any defects that would have contributed to the accident. John Buchanan, a records custodian, identified photographs and a videotape of the accident scene and the truck. Daniel Melcher, the accident reconstruction expert hired by the Plaintiff, testified that although he observed several defects, none of the truck’s defects contributed to the accident because,
 
 inter alia,
 
 there was no evidence that the Truck Driver took any measures to avoid the collision, including reducing his speed, braking, or swerving. Finally, Dr. Joshua Perper, a Medical Examiner, testified that both accidents could have contributed to Cruz’s death.
 

 Thus, by the close of the Plaintiffs casein-chief, although there was evidence of the truck’s defective condition, there was no evidence presented that the condition of the truck caused or contributed to the accident. Thus, the evidence presented during the Plaintiffs case did not create a jury question as to whether the Trucking Company’s negligence caused or contributed to Cruz’s injuries.
 
 Stahl,
 
 438 So.2d at 17. Consequently, we find no error in the
 
 *728
 
 trial court’s decision to grant the Trucking Company’s motion for a directed verdict as to its negligence.
 

 III. The Claims Against the Truck Driver
 

 The Plaintiff contends that the trial court made various jury instruction errors. We disagree. A trial court’s instructions to the jury are subject to an abuse of discretion standard of review.
 
 H & H Elec., Inc. v. Lopez,
 
 967 So.2d 345, 347 (Fla. 3d DCA 2007). The first claimed error is the trial court’s refusal to provide the jury with a vicarious liability instruction. Because the parties stipulated that in the event the Truck Driver was found liable, the Trucking Company agreed it would be responsible for the Truck Driver’s negligence on the basis of vicarious liability, the trial court did not err in failing to instruct the jury on this issue. The second claimed error is the instruction provided to the jury relating to the law regarding intersections marked by a stop sign. The trial court instructed the jury that pursuant to Section 316.123(2)(a), Florida Statutes, “every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line.” The trial court did not err in providing this instruction to the jury as the parties stipulated that Cruz did not stop before making the U-turn that immediately preceded the first collision, and Dr. Perper testified that the injuries Cruz sustained may have been caused by this collision. Section 316.123(2)(a) was therefore applicable and the jury instruction given was appropriate.
 

 Additionally, the Plaintiff contends that the trial court erred by denying its request for an additional jury instruction on the issue of concurrent causation because the standard jury instruction on concurrent cause did not adequately explain the issue. We disagree. The trial court gave the standard instruction as to concurrent causation to the jury:
 

 In order to be regarded as a legal cause of damage, negligence need not be the only cause. Negligence may be a legal cause of damage even though it operates in combination with the act of another, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing damages.
 

 Florida Standard Jury Instruction 5.1(b). When seeking an additional jury instruction a party must show “that the instruction was necessary for the jury to properly resolve the issues in the case.”
 
 Giordano v. Ramirez,
 
 503 So.2d 947, 949 (Fla. 3d DCA 1987) (citing
 
 Sears, Roebuck & Co. v. McKenzie,
 
 502 So.2d 940, 942 (Fla. 3d DCA 1987);
 
 Schreidell v. Shoter,
 
 500 So.2d 228, 231 (Fla. 3d DCA 1986)). Moreover, reversal will not be granted “where the subject of the proposed instruction is covered in other charges given by the court or where failure to give the instruction is not shown to be prejudicial.”
 
 Id.
 
 Because we conclude that the standard jury instruction given was sufficient to resolve the issues in this case and that the jury was not misled or prejudiced by the failure to provide additional instruction regarding concurrent causation, we find no error in the trial court’s failure to give the requested additional instruction.
 

 We have reviewed the Plaintiffs remaining contentions and also find them to be without merit. We therefore affirm the final judgment under review.
 

 Affirmed.