COHEN, J.,
concurring.
One might think that in a case where a verdict in excess of $550,000 was rendered, *1162 Appellant would provide a complete trial transcript to permit a full review. Instead, only excerpts were prepared until Appellant filed a transcript as an appendix to its initial brief. Because the transcript was not part of the record on appeal, it cannot be considered. Miller v. Miller, 767 So.2d 532 (Fla. 5th DCA 2000).
To prevail on appeal based upon the denial of a proposed jury instruction, the proponent of the instruction must establish that “the requested jury instruction contained an accurate statement of the law, that the facts of the case support the giving of the instruction, and that the instruction was necessary for the jury to properly resolve the issues in the case.” Giordano v. Ramirez, 503 So.2d 947, 949 (Fla. 3d DCA 1987). Dealing with trial excerpts is problematic; we have no transcript establishing the entirety of the facts placed before the jury, only a partial transcript of the charge conference, and no transcript of the jury instructions provided to the jury. Given the state of the record, I agree that Appellant cannot establish reversible error and that affirmance is required.