LEWIS, J.,
Dissenting.
I respectfully dissent. The majority holds that the trial court abused its discretion in declining to give Tobacco’s two paragraphs of special instructions in addition to Standard Jury Instruction 402.14(a) on Tobacco’s statute of limitations defense. I disagree. During the charge conference, the trial court, with the agreement of counsel, agreed to give Florida Standard Jury Instructions in Civil Cases section 402.14(a) Statute of limitations (2010), on Tobacco’s statute of limitations affirmative defense. However, Tobacco requested the following additional special jury instructions on its affirmative defense:
[Tobacco] do[es] not need to prove that [Mrs.] Jewett was actually diagnosed with COPD prior to May 5, 1990, in order to prevail on this defense. For purposes of this defense, the critical event is not when her COPD was actually diagnosed by a physician, but when her COPD first manifested itself.
[Mrs.] Jewett knew or should have known that there was a reasonable possibility that her COPD was caused by cigarette smoking if her COPD manifested itself to her in a way that supplied some evidence of a causal relationship to cigarette smoking. In making that determination, you may properly consider what [Mrs.] Jewett knew prior to May 5, 1990, concerning the health risks of cigarettes.
The trial court inquired of Lorillard’s counsel if there were any cases where Tobacco’s requested additional jury instructions were actually given or if there were any cases finding error because such instructions were requested and refused. Lorillard’s counsel responded, ‘Your Hon- or, I do not have such a case.” The trial court then found that the standard jury instruction was adequate to apprise the jury of the issue and declined to give Tobacco’s requested special instructions. During deliberations, the jury requested an explanation of the phrase “exercise of reasonable care” that is included in Standard Jury Instruction 402.14(a). The trial court, with the agreement of counsel for the parties, instructed the jury that the “exercise of reasonable care” was as follows: “What a reasonable person would have done under like facts and circumstances.”
*473 We review a trial court’s decision concerning jury instructions under an abuse of discretion standard. Gray v. Adams Grading & Trucking, Inc., 956 So.2d 505, 507 (Fla. 1st DCA 2007); Golian v. Wollschlager, 893 So.2d 666, 667 (Fla. 1st DCA 2005); Barbour v. Brinker Fla., Inc., 801 So.2d 953, 959 (Fla. 5th DCA 2001). The standard jury instructions are presumed to be accurate until a litigant makes a showing to the contrary. McConnell v. Union Carbide Corp., 937 So.2d 148, 153 (Fla. 4th DCA 2006) (citing Wransky v. Dalfo, 801 So.2d 239, 243 (Fla. 4th DCA 2001) (holding that standard jury instructions should be used when applicable unless erroneous or inadequate)). When seeking an additional jury instruction, a party must show “that the instruction was necessary for the jury to properly resolve the issues in the case.” Giordano v. Ramirez, 503 So.2d 947, 949 (Fla. 3d DCA 1987). “A verdict will not be set aside, however, merely because the court failed to give instructions which might properly have been given.” Schreidell v. Shoter, 500 So.2d 228, 231 (Fla. 3d DCA 1986). “A trial court is accorded broad discretion in formulating appropriate, jury instructions and its decision should not be reversed unless the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury.” Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999). “Moreover, reversal will not be granted “where the subject of the proposed instruction is covered in other charges given by the court or where failure to give the instruction is not shown to be prejudicial.’ ” Beltran v. Rodriguez, 36 So.3d 725, 728 (Fla. 3d DCA 2010) (quoting Giordano, 503 So.2d at 949). “An overall test that is often applied is that in passing on the refusal of a single instruction, an appellate court will examine the entire charge to the jury and, if it determines that the law has been fairly presented to the jury, the judgment will be affirmed.” Llompart v. Lavecchia, 374 So.2d 77, 80 (Fla. 3d DCA 1979).
In order to justify giving an instruction in addition to the standard instruction, a party must show that the additional instruction was necessary for the jury to resolve the issue in the case. Beltran, 36 So.3d at 728. Here, the trial court allowed Tobacco to argue the substance of its requested special instructions to the jury. In fact, Tobacco’s counsel immediately addressed the issue during closing argument. Reynolds’ counsel stated, at the beginning of his closing argument, “let me be clear about one thing at the start. The defendants do not ... need to prove that Mrs. Jewett was actually diagnosed before May 5, 1990.” Lorillard’s counsel also noted that the jury had “heard this before. The defendants don’t need to prove that Mrs. Jewett was diagnosed at all. There’s no dispute about that .... We don’t need a diagnosis to win on this issue, because it’s about what she should have done and should have known.” As sueh, Tobacco cannot demonstrate that the special instructions were necessary to resolve the issue in the case when they were allowed to repeatedly argue the substance of those proposed instructions to the jury. Thus, Tobacco was not prejudiced to the point of deserving a new trial.
More importantly, as previously mentioned, the trial court specifically found that the standard jury instruction was adequate to apprise the jury of the issue. The standard instruction addressed the issue. Thus, I agree with the Estate that the trial court, in its broad discretion, properly rejected what Tobacco claimed was an additional clarification of the standard jury instruction as the standard jury instruction was entirely adequate to inform the jury about the law on the issue before it.
*474 The majority holds that the jury was confused because it asked for an explanation of the phrase “exercise of reasonable care” that is included in Standard Jury Instruction 402.14(a). I disagree. Simply stated, the jury took its job seriously and wanted to fully understand the instructions the trial court had given. Thus, I fail to see how the majority found that the jury was confused based solely on the fact it sought clarification of the phrase from the standard jury instructions. There is no evidence in the record before this Court of any jury confusion. Moreover, the trial court had the benefit of observing the jury, and any alleged impact of its instruction on the jury. As such, the trial court was in the best position to determine whether there was any jury confusion, and it detected none. The majority’s holding on this point creates an appellate issue in every case where the jury asks for an explanation of a term taken from the standard jury instructions.
Turning now to the case law relied on by the majority, none of the cases cited by the majority reversed the trial court’s judgment, as the majority does here, where the trial court gave the applicable jury instructions from the Florida Standard Jury Instructions in Civil Cases on a defendant’s affirmative defense, but declined to give a defendant’s requested additional special instructions on that affirmative defense. Unlike the majority, I respectfully decline to cross that hurdle under the circumstances of this case and hold that Florida Standard Jury Instruction 402.14(a) was inadequate or erroneous and reverse the trial court’s final judgment.
Accordingly, in my view, the trial court’s refusal to give the two paragraphs of special instructions requested by Tobacco did not result in a miscarriage of justice nor was the trial court’s failure to give the two paragraphs of special instructions calculated to confuse or misled the jury. Thus, under the circumstances of this case, I would hold that the trial court did not abuse its discretion by declining to give the special instructions requested by Tobacco. Accordingly, I would affirm.