332 So.2d 101 (1976)
CONSOLIDATED MUTUAL INSURANCE COMPANY, Appellant,
v.
HAMPTON SHOPS, INC., Appellee.
No. 75-1064.
District Court of Appeal of Florida, Third District.
May 11, 1976.
*102 Leland E. Stansell, Jr. and Robert A. Glassman, Miami, for appellant.
Whitman & Wolfe, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Consolidated Mutual Insurance Company, defendant in the trial court, appeals from a final judgment for plaintiff, Hampton Shops, Inc., following a non-jury trial involving an insurance claim by Hampton for damages resulting from a fire at its furniture manufacturing plant.
Hampton filed a claim for damages to machinery and lumber in the process of manufacture and assembly, seeking damages in the amount of $91,000. Liability is admitted, but Consolidated Mutual contended that the damages were minimal and offered approximately $3,000 in settlement. Suit was filed, and the action proceeded to trial, culminated in a judgment for the plaintiff in the amount of $31,476.25 plus attorneys fees and costs, and this appeal ensued.
Consolidated Mutual contends that the trial court erred in refusing to permit one of the defendant's witnesses to testify as an expert, and in entering a judgment for damages against the manifest weight of the evidence. The other points raised on appeal are without merit and will not be discussed in this opinion.
The qualifications of the witness in question include that he is an insurance adjuster specializing in fire and property damage; he has investigated losses on machinery due to fire and water; he was a machine repairman for four years in the service; and he was "brought up and raised around tool and die manufacturing" since his father owned a tool and die shop. He admittedly was not an expert as to wood. The trial court refused to permit this witness to qualify as an expert. The following principles of law governing admission of expert testimony are set out in Myers v. Korbly, Fla.App. 1958, 103 So.2d 215, 222, and cases cited therein. When a witness is offered as an expert or skilled witness, it is for the trial court to determine whether or not he has been shown to possess the requisite qualifications and special knowledge to authorize his testimony. This is a question of fact to be determined from *103 testimony bearing on that question and the decision of the trial court with respect thereto is conclusive unless it appears to have been in error. The trial court's decision is entitled to great weight in the appellate court because of the superior advantages possessed by the trial judge who hears the testimony and observes the witnesses, and his decision will not be pronounced error unless clearly so. Also see Seaboard Air Line Railroad Company v. Lake Region Packing Association, Fla.App. 1968, 211 So.2d 25, 31. From the record, it is clear that the trial judge did not abuse her discretion in refusing to allow the witness to testify as an expert following the proffer of his testimony.
The point raised by Consolidated Mutual that the court erred in entering its judgment against the manifest weight of the evidence is not tenable. The record demonstrates that there was evidence adduced to the effect that the plaintiff's loss was in excess of $90,000. We find that there was competent substantial evidence to support the judgment awarded.
Affirmed.