PATTERSON, Judge.
Thomas Jerome Quinn was convicted of DUI manslaughter arising from a vehicular accident on the Sunshine Skyway Bridge. Asserting that the trial court erred in refusing to permit his proffered witness to testify as an expert, Quinn appeals from his conviction and the denial of his motion for new trial. We reverse.
The accident occurred at 2:10 a.m. Because of delays occasioned by the injuries to the other driver, no blood sample was withdrawn from Quinn until 3:80 a.m. The state analyzed this sample for the presence of alcohol using gas chromatography, and received blood-alcohol readings of .221 and .219. At Quinn’s trial an expert witness for the state testified that an individual having a blood-alcohol level of .22 at 3:30 a.m. must have had a blood-alcohol level of at least .10 at 2:10 a.m., the time of the accident.
The defense sought to rebut this evidence with the testimony of Mr. Wayne. Morris. On proffer Morris testified that he tested the same blood sample as the state using two methods: gas chromatography and enzymatic analysis. While his gas chromatography results were scientifically indistinguishable from those achieved by the state, his enzymatic results consistently indicated a blood-alcohol level of only .14. Morris concluded that such a difference could only be attributed to impurities in the sample. He went on to claim that the presence of impurities can only produce a falsely high reading, never a falsely low one. Therefore, according to Morris, the gas chromatographic readings had to be falsely high.
Morris did not indicate what Quinn’s blood-alcohol level would have been at 2:10 a.m. if his level at 3:30 a.m. were .14. However, the state’s expert testified that alcohol can be absorbed by the body no faster than .10 to .12 percent per hour. If Morris had been permitted to present his testimony, the jury could have concluded that Quinn’s blood-alcohol level at the time of the accident was under .10.
The defense also proffered evidence of Morris’s qualifications. Mr. Morris is certified by the Department of Health and Rehabilitative Services to perform gas chromatographic and enzymatic blood-alcohol tests, and has been qualified as an expert in blood-alcohol analysis by several Florida courts. His education includes a bachelor’s degree and a masters degree in chemistry. His employment history reflects that he spent ten years with the Florida Department of Law Enforcement’s Bureau of Crime Laboratory, where he analyzed controlled substances. His FDLE training included an eight-month formal course in drug identification; while with the FDLE Morris engaged in a program of self-study paralleling the FDLE course in blood-alcohol analysis. He attended Drug Enforcement Administration seminars and other short courses relating to gas chromatography. His published articles include several pertaining to gas chromatography.
The trial court concluded that Morris was not qualified to testify as an expert, citing four factors: the short time he had been licensed by HRS and the few tests he had *210 performed since obtaining licensure; that he had never before testified as an expert based on his own tests; the length of time he required to achieve licensure; and that his FDLE background was not in the area of toxicology. However, the jury could have considered each of these factors in determining how much weight to accord his testimony. The factors listed by the judge all speak to the credibility of Morris’s testimony, not to his qualifications.
The trial judge has the initial responsibility of determining the qualifications of an expert witness and that determination will not be disturbed absent an abuse of discretion. Guy v. Knight, 431 So.2d 653 (Fla. 5th DCA 1983). The credibility of expert witnesses and the weight of their opinion testimony, however, are for the jury to determine. Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984). We find the trial court’s refusal to accept Morris as an expert was an abuse of discretion. Because Morris’s opinions were the backbone of Quinn’s defense, we cannot find the error harmless.
Reversed and remanded for new trial.
RYDER, A.C.J., and SCHOONOVER, J., concur.