## HUFFSTUTLER v STATE OF FLORIDA
### Case No. CJAP 90-34
Ninth Judicial Circuit, Orange County
March 22, 1991

### APPEARANCES OF COUNSEL

**Louis Lorincz,** Chief Assistant Public Defender, for appellant.

**Paula C. Coffman,** Assistant State Attorney, for appellee.

Before RICHARD F. CONRAD, Circuit Judge.

### OPINION OF THE COURT

Thomas Edward Huffstutler, convicted of leaving the scene of an accident involving damage to a vehicle or property, raises four issues for appellate consideration.

I find, preliminarily, that the appellant's position with respect to whether the trial court erred in denying his motion that the jury view

his motor vehicle and whether the trial court erred in refusing to allow the appellant to reopen his case in chief, are devoid of merit.

Appellant next complains that the trial court erred in failing to declare James D. Thomas and Jeffrey Keating as expert witnesses.

The facts that precipitated all of this judicial attention began between 5:00 and 6:00 PM on July 8, 1989, when Patricia Masters was driving her 1986 Ford Tempo westbound in the inside lane of Fairbanks Avenue in Winter Park, Florida. She says that her vehicle was struck in the rear by a "kind old oldish red, four door car" which caused her to cross the center line and strike the left side of a vehicle eastbound on Fairbanks Avenue. The vehicle that struck the Masters vehicle did not stop but continued westbound which, in turn, was pursued by Ms. Masters. A license tag number was obtained. But she was able to identify the Appellant as the driver of the vehicle. She testified that her Ford Tempo had pre-existing damage to its rear.

Another witness, Ginnie Marcie Nix, states that she was driving on Aloma Avenue when she saw an "old red Ford" westbound in front of her strike another vehicle, causing that vehicle to collide with a third vehicle. She obtained a license number of the vehicle.

The Appellant called his brother, Kenneth Huffstutler, as a witness. He testified that about a year earlier he was involved in an accident causing damage to his brother's red Torino.

The Appellant's next witness was James Thomas, an insurance adjuster for Government Employees Insurance Company, the insurer of Patricia Master. Mr. Thomas testified that he examined and photographed the Appellant's Ford Torino and came to the conclusion that the Ford Torino was not in any way involved in a collision on September 8, 1989 with Patricia Masters.

The Appellant then tendered Jeffery Keating, a damage specialist for Atlanta Casualty Insurance Company, the insurer of the Appellant. He testified that he inspected the Masters vehicle, a Ford Tempo, and the third vehicle involved in the collision as well as his insured's vehicle. The sum and substance of his testimony was based upon his expert opinion the Appellant's vehicle could not have been the vehicle that struck the rear of the Masters vehicle.

In the reoccurring nightmare which this case evokes from a factual perspective, the parties are standing on both sides of the river with a copy of their facts in hand. There seems to be no bridge to either side save the jury which received and considered the evidence. Frankly, after reading the testimony of all the witnesses it appears that these

40

people are talking about two different accidents occurring at two different times which, in turn, occurred in two separate and distinct locations. In my trying to get safely to one side or the other, I am closely scrutinizing the two issues on appeal proposed by the Appellant. Whether the trial court erred in failing to declare both James D. Thomas and Jeffery Keating to be expert witnesses?

In an occurrence which is only rivaled by the full eclipse of the sun both the state and defense agree that the trial court erred and the case should be reversed and remanded for trial. The state confesses error as to these points on appeal.

Having reviewed the trial transcript in detail, I find that both James D. Thomas and Jeffery Keating appear to possess the requisite qualifications to be qualified as an expert witness as defined by Florida Statute 90.702.

During the examination of James D. Thomas, this witness testified as follows:

". . . looking at the vehicle and inspecting it carefully at all points, in my professional opinion, the vehicle was not involved in a loss within 60 to 90 days or older."

Further on the witness again testifies,

". . . basically, the damages from (on) the bumper, in my opinion, were from some type of previous tow or attempted tow where perhaps a vehicle were stranded or whatever the case may be."

He continues testifying, giving opinions and conclusions—without any objections being interposed. . .and then, finally, the Appellant's attorney tenders to the Court Mr. Thomas as an expert in vehicle appraisal. The only objection interposed by the State is there has been an insufficient predicate laid. The Court does not rule on this, but simply says "All right. Proceed." The Appellant's attorney then queries the Court,

"MS. GARDNER: Does the Court find that he is an. . .

THE COURT: (Interposing) No, ma'am. I'm not finding anything. You can proceed."

The Appellant re-tenders Mr. Thomas at which time the trial judge says,

"THE COURT: Maybe you just don't understand what I'm doing.

MS. GARDNER: Okay.

THE COURT: I'm not going to declare this witness to be an expert

41

or non-expert, one way or the other. The jury will have to decide what weight to give it.

If there is some objection made by the other side that he cannot answer such questions because of the lack of qualifications, then I will rule on that question.

But the jury will decide what weight to give this gentleman—what weight to give his testimony without my declaring him an expert or non-expert.

MS. GARDNER: Okay.

THE COURT: Understand?

MS. GARDNER: Yes, I understand. Thank you.

THE COURT: Okay."

The next sequence of events is amazing.

"MS. GARDNER: Based upon your expert opinion then, do you have an opinion as to whether this case was involved in a collision. . .

MR. AVERA: (Interposing) Objection, Your Honor. The Court has not established this witness to be an expert.

THE COURT: I need to hear the rest of the question, though.

MS. GARDNER: Whether this car was involved in the collision on September 8th, 1989.

THE COURT: Okay. That question as phrased is objectionable.

BY MS. GARDNER:

Q. In your opinion, then—do you have an opinion, then, as to whether this car was involved in an accident on September 8th, 1989?

A. Yes. As it was stated in this appraisal, my professional opinion, and of course that represents my company's opinion as well, this vehicle was not involved in a loss—a collision loss at that particular time; no.

Q. Okay."

No objections are made by the state at all.

The examination of Jeffrey Keating is equally as interesting. Immediately prior to this witness testifying the Appellant's attorney asked the court if they were going to certify the witness as an expert if tendered. In response to this the court says

"THE COURT: I—yeah. I don't—I'm not really interested in

42

certifying these people as experts. If—the only way it comes up is if Lance objects to a question that you ask which can only be asked of experts, at which time I'll rule on whether he's qualified to answer the question.

MS. GARDNER: But can I tender him as an expert?

THE COURT: You can tender him—or Mr. Avera to question him on voir dire as to his qualifications."

The Appellant's attorney then elicits from this witness his qualifications as an expert, tenders him to the court at which time the only objection was that an insufficient predicate had been laid. The prosecutor did not wish to inquire and the trial judge simply says that the Appellant's attorney may proceed. Subsequently, the Appellant's attorney asked the witness for his expert opinion as to whether the Appellant's vehicle was involved in a rear end collision to which the prosecutor objects that the witness has not been qualified as the expert. The court overrules the objection.

Quite frankly, this case boils down to an issue of credibility of witnesses. Who is the jury going to believe? In all cases and especially in cases where we have such a divergence of stories the parties have a right to expect that a court will not only rule on objections that are made but will rule upon preliminary matters of evidence.

Florida Statutes 90.702 provides

"If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial."

A condition precedent to expert testimony under this provision of the Evidence Code is that the witness be qualified as an expert. The question then becomes, qualified as an expert by whom?

Florida Statute 90.105 provides

"(1) Except as provided in subsection (2), the court shall determine preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence."

It is reasonable to conclude when reading Florida Statute 90.702 and Florida Statute 90.105 in pari materia it is the responsibility of the trial judge to determine the qualifications of a person to become a witness. The trial court has a duty to determine qualifications of an expert

**43**

witness upon subject matter upon which the witness testifies. When a witness is offered as an expert it is for the trial court to determine whether he or she has been shown to possess requisite qualifications and special knowledge to authorize their testimony. *Consolidated Mutual Insurance Company v Hampton Shores, Inc.,* 332 So.2d 101 (Fla. 3d DCA 1976). The Second District Court of Appeals in *Quinn v State of Florida,* 549 So.2d 208 (Fla. 2d DCA 1989), tell us that the trial judge has the initial responsibility of determining the qualifications of an expert witness and that determination will not be disturbed, absence an abuse of discretion. I think the trial court abused its discretion.

As for these issues on appeal, I would reverse the verdict and judgment entered herein and remand to the trial court for a new trial.

My final thought is to emphasize that the State has confessed error as to these points on appeal. Further, I wish to emphasize and I feel very strongly that neither of the attorneys in this case provided adequate assistance to the judge especially in view of the fact that general objections were made; opinions were elicited from witnesses without objection and no law was presented to the trial judge to guide him in his decision. Hopefully, when these attorneys appear before this judge again they will provide some assistance in the form of case law or argument that will assist in his decision, especially when I am confident that Judge Carter has literally hundreds of these cases passing across his bench on a monthly basis.

REVERSED AND REMANDED for a new trial.

No petitions for rehearing will be considered by this Court and the Clerk is directed to issue MANDATE forthwith.